**Steven OUBICHON, Plaintiff,**

v.

**NORTH AMERICAN ROCKWELL CORPORATION, Defendant.**

Civ. No. 68–90.

United States District Court,
C. D. California.

Dec. 23, 1970.

Hillel Chodos, Beverly Hills, Cal., for plaintiff.

Stephen E. Tallent and Kenneth W. Anderson, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendant.

HAUK, District Judge.

### Introduction

The plaintiff, a Negro, invokes the jurisdiction of this court under the Civil Rights Act of 1964[1] alleging that his employer, the defendant, has discriminated against him because of his race. The complaint alleges four separate acts of discrimination. They are as follows:

I. The plaintiff participated in a demonstration against the defendant on September 13, 1966. As a consequence, the defendant, allegedly motivated by considerations of race, disciplined the plaintiff by docking him five days' pay and placing a warning notice in the plaintiff's personnel file. The complaint alleged that this discipline was imposed on January 12, 1967. In fact the discipline was imposed earlier and January 12th was merely the date on which there was a denial of his grievance at the second step of the grievance procedure.

II. On March 27, 1967, the plaintiff was allegedly denied an opportunity to participate in an on-the-job training program for which he was qualified.

III. On May 3, 1967, plaintiff was allegedly subjected to harassment and disciplinary action while attempting to donate blood at the defendant's plant. The discipline consisted of a warning notice.

IV. On June 13, 1967, plaintiff was transferred from one department to another. This transfer was without the plaintiff's consent and allegedly disadvantageous to him. It was not specified how the transfer was disadvantageous.

On April 3, 1967, plaintiff filed a charge with the Los Angeles field office of the Equal Employment Opportunity Commission (EEOC). (The charge was actually signed on March 11th) The sole subject matter of that charge was the disciplinary action taken by the defendant because of the plaintiff's participation in a demonstration against the defendant. (Paragraph I above) The EEOC referred this charge to the California Fair Employment Practices Commission (FEPC) pursuant to Section 706(b) of the Civil Rights Act of 1964[2]. The plaintiff's complaint was rejected by the FEPC by letter on May 2, 1967. The acts of discrimination described in paragraphs II, III and IV above were the subject of a charge filed with the EEOC on June 20, 1967. The complaint indicates that these allegations were not referred to the FEPC. This suit was commenced some seven months later on January 19, 1968.

Two of the four acts of discrimination alleged were processed through a grievance procedure established under the terms of a collective bargaining agreement between the defendant and the union, the UAW. On September 30, 1966, the plaintiff filed a grievance complaining of the acts described in paragraph I. On July 21, 1967, this grievance was re-

---

1. 42 U.S.C. § 2000e–5(e).

2. 42 U.S.C. § 2000e–5(b).

solved in favor of the plaintiff. The plaintiff was reimbursed for lost pay and the warning notice was removed from his personnel file.

On May 22, 1967, the plaintiff filed three grievances in connection with the acts described in paragraph III. These grievances were resolved on May 31, 1967 by the removal from the plaintiff's personnel file of a warning notice.

Pursuant to Rule 12(b) (1), Federal Rules of Civil Procedure, the defendant has moved to dismiss portions of the complaint on the grounds that the court lacks jurisdiction over the subject matter. The defendant has also moved for summary judgment on the remainder of the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure.

After reviewing the complaint, the defendant's motions, exhibits and affidavits, the plaintiff's memorandum of points and authorities and after hearing oral argument, this court is fully advised in the premises and for the reasons set out hereafter grants the defendant's motions.

### A. *Subject Matter Jurisdiction*

Section 706(e) of the Civil Rights Act of 1964 provides that the jurisdiction of the Federal Courts to hear a civil action arising under Title VII of the Civil Rights Act is expressly dependent upon a proper exercise of jurisdiction by the Equal Employment Opportunity Commission.[3] Section 706(b) of that same Act states that the EEOC may not assert its jurisdiction when there is a state or local authority authorized to grant relief to the person allegedly victimized by a discriminatory practice.[4]

California has adopted a Fair Employment Practices Act that prohibits racial discrimination[5] and the EEOC has recognized the California Fair Employment Practices Act as a state law that requires deferral under Section 706(b).[6] Thus, an essential prerequisite to the maintenance of the claims of this suit was the filing of a charge by the plaintiff on such claims with the FEPC. It is apparent from the complaint that the acts of discrimination described in paragraphs II, III and IV have not been the subject of a complaint to the FEPC. The defendant, therefore, contends that inasmuch as resort to available state remedies is an indispensible prerequisite to the proper exercise of subject matter jurisdiction by this court, the plaintiff's failure to invoke the machinery of the FEPC on particular claims precludes this court from hearing such claims.

The courts that have considered the problem have made it quite clear that where, as here, substantial relief is available under state law, a person who

---

3. 42 U.S.C. § 2000e–5(e) provides:
   "(e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, * * *."

4. 42 U.S.C. § 2000e–5(b) specifically prohibits the Equal Employment Opportunity Commission from exercising its jurisdiction under the following circumstances:
   "In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, * * *."* [Emphasis added]

5. Cal.Labor Code §§ 1410–1432.

6. Memorandum of Understanding CCH Employment Practices ¶ 16,905.

contends that he has been victimized by a discriminatory practice must first pursue his state remedies before the EEOC may validly exercise its jurisdiction. Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867 (9th Cir. 1968); Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967) cert. den. 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968); Edwards v. North American Rockwell Corporation, 291 F.Supp. 199 (C.D.Cal.1968); Ethridge v. Rhodes, 268 F.Supp. 83, 89 (S.D.Ohio 1967).

The plaintiff seeks to avoid the operation of this rule by invoking those cases that have held that a complaint in a civil action may contain in some circumstances allegations which are broader than those that were alleged in the charge before the EEOC. *See e.g.*, Sciaraffa v. Oxford Paper Company, 310 F.Supp. 891 (D.Maine 1970).

■ Cases such as *Sciaraffa* are not really apposite to the facts of this case. *Sciaraffa* involved a charge before the EEOC alleging discriminatory discharges because of sex. The complaint then elaborated on the details of the discriminatory seniority, promotion and job classification systems which led to the discharges. The court quite rightly held that these broader allegations were sufficiently related to the unfair thing alleged in the EEOC charge to permit the action to proceed. Here, however, the plaintiff in his EEOC charge referred to the FEPC alleged one precise and detailed act of discrimination. The subsequent allegations are similarly precise and detailed and bear no discernible relation to the first charge. The later allegations are not an elaboration, as in *Sciaraffa*, of the unfair thing which the plaintiff first charged. This court is in full agreement with the idea that common law pleading niceties have no place in determining what is required in an EEOC charge, but the court cannot accept the contention, implicit in the plaintiff's argument, that once a charge is filed with the EEOC and referred to the state, all subsequent acts of alleged discrimination, are embraced by it and state procedures may thus be bypassed.

Since the plaintiff is relying upon alleged acts of discrimination which have not been the subject of a complaint to the FEPC he has failed to meet the requirements necessary for this court to assert subject matter jurisdiction and such claims must be dismissed.

### B. *Mootness*

■ Shortly after receiving notice of the disciplinary action described in paragraphs I and III, the plaintiff filed grievances pursuant to the collective bargaining agreement then in effect between the defendant and the UAW. The affidavits and exhibits attached to the Motion for Summary Judgment demonstrate that these grievances were resolved in favor of the plaintiff and the plaintiff accepted such resolutions. The plaintiff offered no counter-affidavits disputing the facts appearing in defendant's papers. The defendant contends that the resolution of the plaintiff's grievances renders the plaintiff's complaint in this case moot insofar as it depends upon acts of discrimination which were the subject matter of the grievances. The Supreme Court has frequently proscribed judicial action in cases wherein the issues are moot and the decision of the court cannot affect the result. United States v. Alaska Steamship Company, 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808 (1919). The doctrine of mootness applies to Federal Courts of every level. See Communications Workers of America v. Southern Bell Tel. & Tel. Company, 419 F.2d 1310 (5th Cir. 1970).

■ The Third Circuit in Rosen v. Public Service Electric and Gas Co., 409 F.2d 775 (3rd Cir. 1969) has applied the mootness doctrine to civil suits under Title VII of the Civil Rights Act. The court in that case suggested that the criterion for determining the applicability of the mootness doctrine is whether there is any public policy justification for permitting an otherwise moot lawsuit to continue. It is clear that there

is no such public policy justification present in the instant case. This case is neither in form nor in substance a class action. The plaintiff has merely made a claim for individual relief. The disciplinary actions taken against him have been canceled and he has been reimbursed for any lost pay. The settlements of the grievances accepted by the plaintiff provided the plaintiff with all of the relief to which he could be considered entitled given the nature of the alleged acts of discrimination by the defendant. Other federal courts have also held Title VII complaints moot where the grievance process granted the complainant full relief or where there was a resignation from a job and no damages were involved.

*See:* Fekete v. U.S. Steel Corporation, 300 F.Supp. 22 (D.Pa.1969), rev'd on other grounds, 424 F.2d 331 (3rd Cir. 1970).

Love v. Pullman Company, 60 L.C. ¶ 9240 (D.Colo.1969), aff'd, 430 F.2d 49 (10th Cir. 1969).

■ Plaintiff has urged this court to consider his claims as not mooted because the defendant was able to produce from its general files papers relating to the grievances and their resolution despite the fact that part of the resolution accepted by the plaintiff was the removal of warning notices from his "personnel" file. Implicit in this argument is the idea that all records relating to matters involving discipline and alleged discrimination must be destroyed to give any complainant the necessary relief. The argument and its implications are without merit. Carried to its logical conclusion, it would mean that if the plaintiff received a favorable result from this lawsuit, the defendant would also have to destroy all its files pertaining to this lawsuit. The law is not so foolish and the plaintiff's complaint insofar as it rests on the acts of discrimi-

nation specified in paragraphs I and III has been mooted.

### C. *Election of Remedies*

■ This court has held on two previous occasions that a plaintiff who has invoked contract grievance procedures and pursued it to settlement or a decision may not maintain an action under the Civil Rights Act because of the doctrine of election of remedies.[7] The Sixth Circuit has similarly applied this doctrine in the civil rights context.[8] The doctrine is based on the notion that an aggrieved party, while entitled to pursue his remedies both through grievance proceedings and through proceedings under the Civil Rights Act, should not be able to subject a defendant to multiple actions based upon the same claim, where, as here, he has pursued his remedies in one forum to a decision. At the point of decision in one forum, he should be required to make an election.

Bowe v. Colgate-Palmolive Co., 416 F. 2d 711 (7th Cir. 1969), relied upon by plaintiff, is not contrary to this position. *Bowe* was a case in which the district court had held that dual or parallel prosecution in two fora was not permissible. The Seventh Circuit reversed, holding that such parallel proceedings were permissible *as long as* an election of remedy was made after adjudication so as to preclude duplicative relief. The result reached by the court in this case is consistent with the ultimate *Bowe* holding.

Other cases which have limited the doctrine of election of remedies in the civil rights context presented different facts such as an unfavorable resolution of the grievance.[9] While this court does not believe that the use of the doctrine should depend on whether the result in the grievance procedures was favorable or unfavorable, this case is particularly appropriate for its application. With respect to the acts described in para-

7. Edwards v. North American Rockwell Corp., 291 F.Supp. 199 (C.D.Cal.1968); Washington v. Aerojet-General Corp., 282 F.Supp. 517 (C.D.Cal.1968).

8. See Dewey v. Reynolds Metals Co., 429 F.2d 324 (6th Cir. 1970).

See also Newman v. Avco Corp., etc., 313 F.Supp. 1069 (D.Tenn.1970).

9. Hutchings v. United States Industries, Inc., 428 F.2d 303 (5th Cir. 1970); Beamer v. Alasco, Inc., 62 LC ¶ 9424 (D.Ohio 1970).

graphs I and III the plaintiff has had his grievances fully remedied. There are no public policy justifications for continuing this litigation.

### D. *Conclusion*

Upon the uncontroverted facts which we have set forth in some detail and upon the applicable statutory and case law which we have discussed, it necessarily follows that summary judgment must be entered in favor of defendant and against plaintiff upon the claims of alleged discriminatory action by defendant on January 12, 1967 and May 3, 1967. By the same token plaintiff's claims of discriminatory action by defendant on March 27, 1967, May 3, 1967 and June 13, 1967 have no jurisdictional basis in this Court and must be dismissed. The result is that the entire Complaint and each alleged cause of action therein must be dismissed.

The foregoing Decision shall constitute findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P., in addition to the formal Findings, Conclusions and separate Order and Judgment which shall be prepared, served and lodged by counsel for defendant pursuant to Local Rule 7.