James L. JEFFERSON, Plaintiff-
Appellant,

v.

PEERLESS PUMPS HYDRODYNAMIC,
DIVISION OF FMC CORPORATION,
Defendant-Appellee.

No. 25352.

United States Court of Appeals,
Ninth Circuit.

March 15, 1972.

Alvin S. Kaufer (argued), of Nossa-
man, Waters, Scott, Krueger & Riordan,
D. W. Harrison, Monroe, Price, Los
Angeles, Cal., for plaintiff-appellant.

Paul Grossman (argued), of Paul,
Hastings, Janofsky & Walker, Los Ange-
les, Cal., for defendant-appellee.

Julia P. Cooper (argued), Stanley P.
Hebert, Russell Specter, Deputy Gen.

Counsel, Marian Halley, Washington, D. C., for amicus curiae.

Before KOELSCH, DUNIWAY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

James L. Jefferson appeals a district court order dismissing with prejudice his complaint charging his employer, Peerless Pumps Hydrodynamic Division of the FMC Corporation (Peerless), with job discrimination in violation of the equal employment provisions of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. We reverse and remand.

Jefferson, a Negro, had been employed by Peerless since February, 1967. On February 26, 1968, he sent a letter to the Los Angeles office of the Equal Employment Opportunity Commission (the EEOC) alleging that Peerless had prevented him from entering its job-training programs solely because of his race. The EEOC sent him its "Charge of Discrimination" form, which Jefferson filled out, and returned on March 19. After stamping the charge as received and giving it a case number, the EEOC referred it to the Los Angeles office of the California Fair Employment Practice Commission, (the FEPC), in keeping with its policy of forwarding all discrimination charges to the responsible state agency in compliance with § 2000e–5(b). The FEPC sent Jefferson another form, which he returned on April 4.

On June 10, the EEOC informed him that the sixty-day referral period required by § 2000e–5(b) had expired and that it had received no notification of FEPC action. It enclosed a form letter for Jefferson to sign if he still wished the EEOC to take jurisdiction over his charge. He returned the letter on June 13, and on July 16 the charge was served on Peerless' industrial relations manager.

On August 30, the EEOC informed Jefferson that it had been unable to obtain voluntary compliance by Peerless and that he had thirty days in which to bring suit in the federal district court. In the interim, the EEOC had not investigated Jefferson's charge, nor had it made a finding that there was reasonable cause to believe that the charge was true. No attempt at conciliation was made. Jefferson filed his suit on September 10.

The district court entered summary judgment for Peerless, dismissing the action with prejudice. It held that it lacked jurisdictions for three reasons. First, Jefferson's suit was not timely filed in the district court because more than ninety days had elapsed between the date he filed his charge with the EEOC, March 19, and the date he brought suit, September 10. Second, Jefferson's charge was not timely filed with the EEOC because it was not first filed with the California FEPC. Third, the court lacked jurisdiction until the EEOC exhausted its powers, made a finding of reasonable cause, and attempted to obtain voluntary compliance. We disagree.

■ First, Jefferson's complaint in the district court was timely filed because it was filed within thirty days after receipt of notice from the EEOC that conciliation efforts had been unsuccessful. Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir., 1969).

■ Second, Jefferson's charge was timely filed with the EEOC because he had first brought his case before the state agency. The EEOC charge was filed on June 13, when Jefferson returned the form requesting the EEOC to assume jurisdiction, and not on March 13, when he sent his initial charge to the EEOC. His charge was not filed with the EEOC simply because it was stamped as received and given a case number. This is not a case in which the EEOC proceeded to investigate a charge without any reference to the available state agency. See, e. g., Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867 (9th Cir., 1969). Instead, it immediately forwarded the

charge to the California FEPC without taking any action whatsoever. This referral procedure satisfies the requirements of § 2000e–5(b). Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) rev'g 430 F.2d 49 (10th Cir., 1970).

 Third, an EEOC investigation, finding of reasonable cause, and attempt at conciliation is not a condition precedent to a grievant's right to sue in a federal court. Section 2000e–5(e) provides, "If within thirty days after a charge is filed with the Commission . . ., the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved . . ." The statute requires only that the EEOC be "unable" to obtain compliance, the grievant be notified, and that he sue within thirty days of notification.

The statute does not condition an individual's right to sue upon the EEOC's performance of its administrative duties. The grievant need not wait for the EEOC to complete its investigation, make its finding, or attempt a conciliation. He may demand notification that the EEOC has been "unable" to effect conciliation within the time limit set by § 2000e–5(e), and sue thirty days thereafter. See Cunningham v. Litton Industries, supra, 413 F.2d at 890–891. Once the grievant has given the EEOC an opportunity to make an investigation and attempt a conciliation, and he has been notified that the EEOC has been "unable" to do so, he may bring his cause into federal court. See, Dent v. St. Louis-San Francisco Railway Co., 406 F.2d 399 (5th Cir., 1969); Johnson v. Seaboard Air Line Railroad Co., 405 F.2d 645 (4th Cir., 1968); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir., 1968).

Reversed and remanded.