Holly W. **BAUMAN**, etc.,
Plaintiff,

v.

**UNION OIL COMPANY,**
Defendant.

No. C–73 0350 ACW.

United States District Court,
N. D. California.

July 18, 1973.

Mary C. Dunlap, Equal Rights Advocates, Davis, Dunlap & Williams, San Francisco, Cal., for plaintiff.

Robert S. Daggett, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT

WOLLENBERG, District Judge.

I

The complaint in this action sets forth four causes of action under Title VII of the Civil Rights Act of 1964 and the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq. The first cause of action alleges unlawful discrimination on the basis of sex. Plaintiff alleges that defendant's maternity leave policy requires women employees to take unpaid leaves of absence before their doctors recommend that they stop working, and to remain on unpaid leave status for an undue length of time after their children are born. Plaintiff states this claim on behalf of herself and a class of persons similarly situated.

Plaintiff's other causes are individual. The second alleges that defendant has discriminated against plaintiff by failing to promote and fairly compensate her because of her sex, and because plaintiff had filed charges of sex discrimination against defendant with the Equal Employment Opportunities Commission (the

Commission), which were referred by the Commission to the California Fair Employment Practices Commission (FEPC). The third cause of action alleges that defendant harassed plaintiff while she was in its employ. The fourth cause of action alleges that defendant unlawfully discharged plaintiff "on account of her sex and on account of her filing of charges of sex discrimination against defendant . . . ."

The action is presently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction, and plaintiff's motion for leave to supplement the complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to allege that a right to sue letter has been issued by the Commission with respect to the fourth cause of action. Although defendant initially contested plaintiff's motion to supplement (See Defendant's Memorandum in Opposition to Motion, filed May 18, 1973) it now apparently concedes that amendment would be appropriate if plaintiff prevails on the other jurisdictional issues. (See Reply of Defendant, filed July 3, 1973, p. 4, n. 3.) The Court agrees that plaintiff's motion should be granted provided our jurisdiction is otherwise proper. *Henderson v. Eastern Freightways, Inc.*, 460 F.2d 258 (4th Cir. 1972).

In order to analyze the jurisdictional questions, the chronology of plaintiff's complaints must first be set out.

## II

Plaintiff filed her initial charge with the Commission on March 21, 1972, setting forth the substance of the first cause of action in the complaint. The Commission deferred to FEPC pursuant to 42 U.S.C. § 2000e–5(b), amended by Public Law 92–261 (March 24, 1972), and now renumbered as 42 U.S.C. § 2000e–5(c), which provides that no charge may be filed with the Commission until the expiration of sixty days after proceedings have been commenced under state or local law unless such proceedings have been earlier terminated. FEPC attempted unsuccessfully to conciliate the charge, after which the Commission assumed jurisdiction and assigned the reference number TSF2–0888.[1]

On November 3, 1973, plaintiff filed a second charge with the Commission, which was ultimately given the number TSF3–0846. This charge alleged the retaliatory and discriminatory actions set forth in the second and third causes of action of the complaint. The Commission referred this charge to FEPC. On December 5, 1972, FEPC wrote to plaintiff to inform her that it would not assume jurisdiction over this charge.[2]

On January 17, 1973, the Commission issued a right to sue letter to plaintiff covering the charges set forth in TSF2–0888 and TSF3–0846. Plaintiff was discharged sixteen days later on Friday, February 2, 1973. The following Monday she filed her third charge with the Commission, reference number TSF3–1359, alleging that her discharge was in further retaliation for her opposition to defendant's alleged discriminatory practices. On February 6, 1973, the Commission forwarded a copy of TSF3–1359

1. The Court relies on the chronology set forth in the complaint and in the Commission's *amicus curiae* brief, filed with the permission of the Court on June 25, 1973. Defendant has not disputed the accuracy of this chronology, except as discussed in note 2, *infra*.

2. The Court notes that defendant contends in its Reply Brief of July 3, 1973 at p. 11, n.4 that the record does not reflect the existence of a letter from FEPC to plaintiff dated December 5, 1972. Exhibit C to the affidavit of Robert Daggett, counsel for de-

fendant, filed May 14, 1973, contains a letter from Mary Dunlap, counsel for plaintiff, to FEPC dated March 9, 1973. That letter refers to the FEPC–Bauman letter of December 5, 1972, and identifies it by the number F–200–73. The affidavit of Gerald H. O'Leary, the individual who discharged plaintiff, filed May 14, 1973, states at page 8 that he was aware that plaintiff filed charges with the FEPC and that those charges had been dismissed. Hence, absent a showing to the contrary, the Court is satisfied that the letter exists.

to FEPC, but rather than defer to it, as in the two prior charges, the Commission asserted its jurisdiction.

On March 1, 1973, an investigator for FEPC wrote to plaintiff inviting her to file a complaint with FEPC with regard to the discharge. Plaintiff refused to do so for reasons set forth in a letter dated March 9, 1973, and attached to the affidavit of Robert Daggett as Exhibit C.

The complaint in this action was filed on March 9, 1973, although plaintiff did not receive a right to sue letter for TSF3–1359 until May 4, 1973. Defendant's motion to dismiss grew out of its opposition to plaintiff's motion for a protective order limiting the scope of examination defendant could conduct during plaintiff's deposition. That question has been postponed by continuing the deposition date pending resolution of the jurisdictional issues.

### III

Defendant bases its motion to dismiss on the failure of the Commission to comply with two requirements of § 2000e–5 before issuing the right to sue letters to plaintiff. As indicated above, 42 U.S.C. § 2000e–5(c) provides:

"In the case of an alleged unlawful employment practice occurring in a State . . . which has a State or local law prohibiting the unlawful practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . ."

The procedure utilized by the Commission in the instant case of referring complaints to the FEPC and assuming jurisdiction upon the expiration of sixty days thereafter has been expressly approved by the Supreme Court. *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). This procedure was followed with respect to the right to sue letter issued on January 17th, but it was not followed with respect to the right to sue letter issued May 4, 1973, covering the alleged retaliatory discharge. Defendant contends that this defect requires dismissal at least of the fourth cause of action.

■ The law of this Circuit is clear that failure of the Commission to defer a charge pursuant to 42 U.S.C. § 2000e–5(c) constitutes a bar to further action by the complainant in federal court, despite the issuance of a right to sue letter. Dismissal of the action is not warranted, however. In such circumstances, the district court must retain jurisdiction for a time sufficient to allow the Commission to notify the FEPC and to allow the state agency the statutory deferral period in which to act. If the FEPC elects not to act, the district court "may then proceed as the rights of the parties may then appear." *Parker v. General Telephone Company of the Northwest*, 476 F.2d 595, 596 (9th Cir. 1973), *citing Motorola, Inc. v. Equal Employment Opportunity Commission*, 460 F.2d 1245, 1246 (9th Cir. 1972).

■ Plaintiff and the Commission, as amicus curiae, argue that this rule is not applicable to the charges set forth in TSF3–1359.[3] They contend that the de-

---

**3.** A copy of Mrs. Bauman's charges of February 5, 1973, is attached to the Daggett affidavit as Exhibit A. The charging allegations are as follows:

"I believe that as a result of having filed two charges of sex discrimination against Union Oil, I have been retaliated against and was discharged on 2/2/73. Prior to being discharged, I was subjected to harassment and was also denied wage increases and promotions. I believe those actions were also taken because of previously filed charges of discrimination and because of my sex, Female. I also believe the actions taken against me were because I encouraged other employees to file complaints of discrimination. Some employees have been subjected to harassment be-

ferral provisions of § 2000e–5(c) are operable only when the discrimination complained of is unlawful under state law, *and* when the state agency is empowered to seek relief from such practices. Although it is clear that neither the inadequacy of the state agency's authority to resolve a complaint *Crosslin v. Mountain States Telephone and Telegraph Co.,* 422 F.2d 1028 (9th Cir. 1970), *vacated and remanded,* 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971), nor the lack of efforts in a particular case, *Pacific Maritime Association v. Quinn,* 465 F.2d 108 (9th Cir. 1972), may authorize the Commission to ignore the deferral requirement, if the action complained of is not unlawful, and the state agency consequently does not have jurisdiction to hear the matter, then deferral is not required.

California Labor Code § 1420 (West 1971) sets forth employment practices which are unlawful under state law, including discrimination on the basis of sex in the terms, conditions and privileges of employment. In addition, subsection (e) makes it unlawful:

> "For any employer . . . to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this act or because he has filed a complaint, testified, or assisted in any proceeding under this part."

The actions complained of in TSF3–1359 are thus unlawful under California law except for that portion of the charge alleging discharge in retaliation for complaining to the Commission.[4]

The question remaining is whether FEPC is empowered to enforce § 1420 as to the allegations of the complaint. Labor Code § 1419 (West Supp. 1973) provides that:

> "The commission shall have the following functions, powers and duties:
> . . . (f) To receive, investigate and pass upon complaints alleging discrimination in employment because of race, religious creed, color, national origin, ancestry, or sex."

The powers set forth above are not co-extensive with the actions made unlawful in § 1420, since nothing is said with regard to retaliatory discrimination. Since § 1420 does not make retaliation for filing complaints with the Commission unlawful, and since § 1419(f) does not empower the FEPC to investigate or pass upon charges of retaliation for filing complaints with it, FEPC is not a state agency established or authorized to grant or seek relief as to those charges. Consequently, the Commission was not required to defer the claim of retaliatory discharge to the FEPC by 42 U.S.C. § 2000e–5(c).

The Court notes, moreover, that FEPC has expressly declined to assert jurisdiction over certain kinds of charges, and has requested that the Commission not defer these charges to FEPC.[5] Among those charges are complaints alleging retaliation for filing previous complaints with the Commission. Hence, even if FEPC had jurisdiction over some aspect of the retaliation charges, it has expressly waived it. In light of this waiver, the Commission did not have to defer the retaliation portion of TSF3–1359.[6]

cause they have associated with me or have been seen talking with me."

4. The parties dispute whether the charges of retaliation refer exclusively to the complaints filed with the Commission, or include complaints filed with FEPC as well. Since the Commission deferred the first two charges to FEPC, it appears that regardless of plaintiff's intention to complain solely of retaliation for filing with the Commission, her charges include the referral to FEPC.

5. The letter of Robert A. Taylor, Assistant Chief of FEPC, to Jules Gordon, District Director of the Commission, dated June 21, 1972, is attached to the Daggett affidavit as Exhibit B. It states that the policy decision referred to in the text was made by the FEPC at its May, 1971 meeting.

6. Defendant's reliance upon an invitation by an FEPC investigator for plaintiff to file her retaliation charge with FEPC, and plaintiff's refusal to do so, is misplaced since

The allegations of TSF3–1359 are not confined to the retaliatory discharge. In addition, plaintiff refers to harassment and denial of wage increases and promotions prior to being discharged. Hence the question remains as to whether the Commission should have deferred these charges to FEPC.

The Commission has taken the position as amicus curiae in this case that it need not. As a federal rule making body, it has taken the same position. *See* Decision No. 72–0191, July 27, 1971, published in CCH EEOC Decisions ¶ 6301 (1973). In that case, the charging party was discharged allegedly because of his national origin. He filed a charge with the Commission, which was deferred to the appropriate state agency. The state agency notified the Commission that it was necessary for it to relinquish its jurisdiction inter alia because of an extremely heavy work load. Shortly thereafter, the charging party was reinstated. He was subsequently discharged a second time, and filed an amended charge with the Commission. This amended charge was not deferred to the state agency. The Commission held that:

> ". . . both charges stem out of a continuing alleged pattern or practice of an unlawful nature. Where there is a continuing violation the Commission has held that to defer the second charge would not '. . . comport with the purpose of the deferral provision of the Act as evidenced by its legislative history.' See Commission Case No. 68–2–765E, issued April 16, 1969, EMPLOYMENT PRACTICES GUIDE (CCH) ¶ 6007."

 In reaching its decision, the Commission distinguished the case of

*Oubichon v. North American Rockwell Corporation*, 325 F.Supp. 1033 (C.D.Cal. 1970) (appeal pending). In that case, plaintiff had presented only one of four separate allegations of discrimination to the FEPC. The court expressly rejected the contention that:

> "once a charge is filed with the EEOC and referred to the state, all subsequent acts of alleged discrimination, are embraced by it and state procedures may thus be bypassed." 325 F. Supp. at 1037.

*Oubichon* was distinguished from Commission Case No. 72–0191 and is distinguishable from the present case in one important respect: the three subsequent charges alleged in *Oubichon* were "precise and detailed and bear no discernible relation to the first charge." Except for the discharge claim, the allegations of TSF3–1359 are reiterations and amplifications of the charges made in TSF3–0846.[7] These charges were deferred to the FEPC, which did not accept jurisdiction of them. Hence, the important policy consideration inherent in § 2000e–5(c), of giving the FEPC an opportunity to achieve voluntary compliance, or to otherwise dispose of the grievance before giving a similar opportunity to the Commission, or ultimately going to court, was satisfied in this case.

This conclusion is supported by the recent decision in *Latino v. Rainbo Bakers, Inc.*, 358 F.Supp. 870 (D.Colo.1973). In that case, a charge of discrimination on the basis of national origin was presented to the Commission and deferred to the Colorado Civil Rights Commission. After dismissal of the state proceedings, the Commission began an investigation which disclosed reason to believe that the

---

FEPC is not empowered to investigate such charges by Labor Code § 1419. Even if FEPC had jurisdiction, however, the invitation of an investigator cannot constitute a change of policy in and of itself. Defendant does not assert that the FEPC, rather than one of its employees, has changed the policy set forth in the Taylor letter.

7. Indeed, the Commission argues that the discharge was but another form of the retal-

iation alleged in TSF3–0846. As such, the Commission properly took jurisdiction under the doctrine of Commission Case No. 72–0191 even if FEPC were empowered to consider the charge. The Court need not consider this contention in light of its evaluation of California law, and the FEPC's waiver of any alleged jurisdiction.

charging party had been 'discriminated against on the basis of sex, as well as her national origin. This second charge was not, however, deferred to the state agency. The court held that since the original charge had been presented to and rejected by the state agency, whereupon the Commission properly began its investigation and discovered the additional charge, the Commission was not required to defer the second charge to the state: "Such a re-submission at this point would involve a pointless duplication of effort by two levels of government."

In the present case, the FEPC had similarly given up jurisdiction of the first two charges when the third charge was filed with the Commission. The Commission was at that time engaged in investigation of the charges.[8] Hence, under the *Latino* and Commission decisions re-deferral of the January charge was not mandated by § 2000e–5(c). FEPC had the "respectful but modest deference" reserved to it by § 2000e–5 (c). *Pacific Maritime Association v. Quinn*, 465 F.2d 108, 110 (9th Cir. 1972). An additional sixty day period during which the most that could be hoped for would be voluntary conciliation [*see Crosslin v. Mountain States Telephone & Telegraph Co.*, 422 F.2d 1028, 1031 (9th Cir. 1970), *vacated and remanded*, 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971)] would be futile in a situation where the state has already had two opportunities to consider essentially the same charges. In this case, the futility of such a further delay is especially evident, in light of defendant's submission of sworn affidavits denying its culpability and impugning plaintiff's motives and plaintiff's refusal to have further dealings with FEPC in this case.[9]

Defendant's second jurisdictional challenge involves the second, third and fourth causes of action. These causes are covered by the right to sue letters issued on January 17, 1973 (TSF3–0846)

and May 4, 1973 (TSF3–1359). Defendant contends that the Commission issued these rights to sue letters prematurely. It contends that a jurisdictional requisite to proper filing of a civil action is compliance with the portion of 42 U.S.C. § 2000e–5(f)(1) which provides:

"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."

In other words, it is defendant's contention that before a valid right to sue letter may issue, the existence of which is necessary to this Court's jurisdiction, the Commission must, absent dismissal, hold the charges in abeyance for a period of 180 days. If the Commission does not follow this procedure, defendant contends that a right to sue letter issued in a shorter period of time is a nullity, and cannot confer jurisdiction on the Court.

Plaintiff and the Commission argue that a suit letter issued prior to 180 days is valid. Alternatively, they contend that even if the Commission cannot issue a valid suit letter prior to 180 days, the allegations of the second and third charges relate back to the original filing date in March, 1972, under 29 C.F.R. § 1601.11(b) (1972). If this contention is correct, then all the charges are deemed filed as of March 24, 1972, for pur-

---

8. See Reply Brief of Defendant, filed July 3, 1973, at p. 12.

9. See O'Leary and Daggett affidavits, filed May 14, 1973.

poses of § 2000e–5(f)(1), and the suit letters were timely issued.

The Commission's regulations provide at § 1601.11(b):

"A charge may be amended to cure technical defects or omissions . . . or to clarify and amplify allegations made therein, and such amendments alleging additional acts which constitute unlawful employment practices directly related to or growing out of the subject matter of the original charge will relate back to the original filing date."

In the Court's view, the allegations of the November and January charges directly relate to and grow out of the subject matter of the original charge. The charges of retaliation through discrimination in salary, promotion, harassment, and ultimately discharge all flow from plaintiff's original challenge to the defendant's maternity leave policy. Defendant has itself stated that all the allegations of the complaint are "all inextricably intertwined as part of the same transaction . . . ." (Defendant's Brief in Opposition to Protective Order, filed May 14, 1973, at p. 4). The record fully supports this characterization.

Nor does the Commission's regulation, quoted above, contradict the requirements of § 2000e–5(f)(1). The regulation sets forth the manner in which the Commission will treat subsequent charges growing out of an original charge with respect to *fixing* the date of filing.[10] The statute, on the other hand, determines the treatment charges should receive *after* they are deemed filed.

Even if defendant's contentions were made with respect to an original charge upon which a right to sue letter was issued before the expiration of 180 days

the Court seriously doubts that a jurisdictional problem would be presented. The Court has found no case which construes the 180 day requirement. However, several courts have held that the Commission's failure to observe the sixty day requirement contained in the former § 2000e–5(e), which is the predecessor to the present statute, did not render a right to sue letter defective. *See, e. g., Jefferson v. Peerless Pumps Hydrodynamic, Division of FMC Corp.,* 456 F.2d 1359 (9th Cir. 1972); *Cunningham v. Litton Industries,* 413 F.2d 887 (9th Cir. 1969); *Miller v. International Paper Co.,* 408 F.2d 283 (5th Cir. 1969); *Choate v. Caterpillar Tractor Co.,* 402 F.2d 357 (7th Cir. 1968). In *Jefferson, supra,* the court said:

"The statute does not condition an individual's right to sue upon the EEOC's performance of its administrative duties. The grievant need not wait for the EEOC to complete its investigation, make its finding, or attempt a conciliation. He may demand notification that the EEOC has been 'unable' to effect conciliation within the time limit set by § 2000e–5(e), and sue thirty days thereafter. . . . Once a grievant has given the EEOC an opportunity to make an investigation and attempt a conciliation, and he has been notified that the EEOC has been 'unable' to do so, he may bring his cause into federal court." 456 F.2d at 1361 (citations omitted).

In the absence of some compelling authority which holds that the additional 120 days given to the Commission by the 1972 Act was added with the intention of reversing the line of cases cited above,[11] the Court believes that the *Jefferson* rationale continues to stand. This rationale is particularly applicable in light of the large backlog of cases

---

10. The Court notes that another Commission practice respecting the fixing of the date of filing was expressly approved by the Supreme Court in *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In that case, the Court held that the Commission could forward a complainant's

charges to the appropriate state agency, and deem the federal charges to be filed sixty days thereafter.

11. *Drew v. Liberty Mutual Insurance Co.,* 480 F.2d 69 (5th Cir. 1973) certainly is not such authority.

which makes it unlikely that the Commission will reach, much less investigate and conciliate, complaints such as that of plaintiff within 180 days. (See Exhibit A to plaintiff's memorandum in opposition to dismissal, filed May 25, 1973; *see also Drew v. Liberty Mutual Insurance Co.*, 480 F.2d 69, at 74 (5th Cir. 1973); "Developments in the Law: Employment Discrimination and Title VII of the Civil Rights Act of 1964", 84 Harv.L.Rev. 1109, 1209 n. 87 (1971). So long as the Commission—like the FEPC before it—has had an opportunity to investigate and conciliate the requirements of § 2000e–5(f)(1) will be satisfied. The Commission had that opportunity in the present case.

Defendant's motion to dismiss for lack of subject matter jurisdiction is, accordingly, denied, and plaintiff's motion for leave to supplement the complaint herein is granted.

It is so ordered.