Sheila MEAD and Terry Oakley, Individually, and on behalf of all other persons similarly situated, Plaintiffs,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, L. K. Merz, Howard Gould and Robert Rowe, Defendants.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

Civ. Nos. 4-77-16, 4-77-44.

United States District Court, D. Minnesota, Fourth Division.

Memorandum and Order May 23, 1977.
Memorandum and Order June 8, 1977.
Memorandum on Jurisdiction July 8, 1977.

See also D.C., 442 F.Supp. 114.

Frank E. Vogl, Minneapolis, Minn., E.E.O.C., Washington, D. C., for plaintiffs.

Timothy Thornton, Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

MILES W. LORD, District Judge.

Pursuant to the Court's direction, counsel for the EEOC has supplied the Court its entire file in the above matter. The Court is handing over the file in toto to the defendant. In the process of reviewing the information, materials came to the attention of the Court which could have been interpreted as favorable to the position of the plaintiff but which came from sources which chose not to be disclosed and which specifically cited as their reason for non-disclosure their fears that reprisals would be taken by the company. Nevertheless, the material is being disclosed to the defendants. Only the names of the sources and references which would reveal the identity of the sources have been deleted because the individuals giving such information gave it on a promise of confidentiality. The information was not used in the case.

We must bear in mind that at this stage of the proceedings the Court has adequate evidence to conclude there is a probability of success on the merits as to the plaintiffs' claim that there was a retaliatory discharge of Sheila Mead. Therefore the fears concerning the disclosure of these names may be justified and the Court has concluded that even the fact that other persons gave interviews to the EEOC is not a proper subject of inquiry by the defendant or its attorneys now or hereafter. There is nothing in the names of the sources which would provide information exculpatory of the defendants' position since all of the information has already been presented to the Court by other witnesses.

In light of the foregoing and with the EEOC's documentation now in hand, defendants' counsel is again requested to furnish to the court the briefs and memoranda together with such information as it may have concerning subsequent discovery, if any, and an appropriate date upon which a final hearing may be had. Since the Court had tentatively set a June 7, 1977 date for the final hearing on this matter and it appears that defense counsel would like additional time, it is ordered that the defendant either be prepared for the hearing at that time or disclose to the Court what further discovery is contemplated and the manner in which such discovery might reasonably lead to admissible and relevant evidence in the case, dealing specifically with the issue of the retaliatory discharge of Sheila Mead. It is not contemplated that any relief be considered as to those who are not now named plaintiffs.

No brief will be required with reference to relief for Terry Oakley, who has not requested relief from a retaliatory discharge. Amy LaVoie, and Lesley Deaton are not plaintiffs in the 704(a) action. The only issue to be resolved at this time is with reference to whether or not Sheila Mead's firing was retaliatory in nature and what appropriate remedies, if any, should follow therefrom.

IT IS SO ORDERED.

## MEMORANDUM AND ORDER

On May 23, 1977, the Court conducted an in camera inspection of the EEOC's file in the above matter. After this in camera review, the Court issued a Memorandum and Order dated May 23, 1977, concerning discovery of the EEOC file and other matters related to this case. Subsequent to the issuance of the Court's Order, counsel for defendant USF&G filed a Motion before the Court which in substance moved the Court for an Order:

1) terminating the preliminary injunction hearing in this matter and scheduling a trial on the merits with reference to plaintiff Mead's retaliatory discharge claim, only, for a date certain; 2) establishing a

discovery schedule of at least 90 days prior to the commencement of this trial on the merits; and 3) defining the issues to be presented in a hearing on the merits of this matter. This Memorandum and Order addresses defendant's motion and is a supplement to the Court's Memorandum and Order of May 23, 1977.

1. Defendant USF&G's motion to terminate the preliminary injunction hearing is denied. In light of the requests of counsel for plaintiff Mead and plaintiff EEOC and pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure and Section 706(f)(5) of Title VII of the Civil Rights Act of 1964, as amended, it is hereby ordered that the trial on the merits of plaintiff Mead's retaliatory discharge Section 704(a) action be advanced and consolidated with the preliminary injunction hearing for final hearing commencing at 10:00 a.m. on June 20, 1977.

2. The June 20 trial on the merits is limited to plaintiff Mead's Section 704(a) claim, Count II of plaintiff's Complaint. Specifically, the only issue to be resolved at the June 20 trial is whether or not plaintiff Mead's termination was in violation of Section 704(a) of Title VII and, if so, what appropriate remedies, if any, should follow therefrom. *See*, Section 706(g) and (k) of Title VII of the Civil Rights Act of 1964, as amended. (That issue will be briefed by counsel in their pre-trial and post-trial briefs).

The Court recognizes that the EEOC's Petition herein alleges retaliation against persons other than Sheila Mead (EEOC Petitioner, paragraph 11). However, the instant proceedings have been limited by this Court's Order of Consolidation dated February 3, 1977, and by its Order dated May 23, 1977 to consideration only of the Commission's claim relating to retaliation against plaintiff Mead. Thus, any findings made herein relating to persons other than plaintiff Mead will have no res judicata or collateral estoppel effect on such persons or on any parties hereto.

Since the claims of plaintiff Terry Oakley and witnesses Amy LaVoie and Leslie Deaton have not been fully litigated and are not before the Court at this time, any findings by the Court in resolving plaintiff Mead's retaliatory discharge cause of action that relate to Oakley, LaVoie or Deaton are strictly limited to the resolution of Count II of plaintiff Mead's Complaint. Any findings by the Court regarding Oakley, LaVoie or Deaton shall only be applicable to the resolution of Count II of plaintiff Mead's cause of action, and such findings will have no res judicata or collateral estoppel effect on any matter except Count II of plaintiff's Complaint. Should specific claims of retaliation subsequently be asserted by Oakley, LaVoie, Deaton, or other persons, defendant USF&G will have the right in further proceedings involving matters other than Count II of the complaint to respond to and rebut the testimony of Oakley, LaVoie, Deaton or others in those proceedings.

3. With respect to the motion to establish a discovery schedule, prior to commencement of a full hearing on the merits of Count II of plaintiff's Complaint, plaintiff EEOC shall inform defendants whether the documents the EEOC is turning over to defendants pursuant to this Court's Order of May 23, 1977, identify, except in case where the Court has ordered otherwise, all persons contacted by investigators for the EEOC. Furthermore, the EEOC shall inform defendant USF&G whether they have conducted any investigation that is not revealed in the file turned over to USF&G. After a review of the EEOC file should counsel for defendants deem it necessary to take the deposition of the EEOC investigator prior to commencement of a full hearing on the merits on Count II of plaintiff's Complaint, provision for such deposition shall be made. However, any discovery defendants wish to conduct upon plaintiff Sheila Mead, plaintiff Terry Oakley, or witnesses LaVoie or Deaton in conjunction with plaintiff Mead's retaliatory discharge claim shall be conducted by defendant in the presence of this Court during the hearing on the merits of Count II of plaintiff Mead's Complaint.

4. The Court further requests that on or before June 15, 1977, the parties provide witness lists which contain the names of all witnesses each party intends to call at the June 20 trial.

The parties shall also present trial briefs to the Court, covering the applicable law on jurisdiction over the 704(a) claim; bifurcation; standard of proof for relief; and appropriate remedies should plaintiff prevail.

5. Upon the completion of the full hearing on the merits of Count II of plaintiff Mead's Complaint, counsel for plaintiff and counsel for defendant should be prepared to present and argue what relief may be appropriate should the Court determine to grant plaintiff's request for relief on Count II of her Complaint. Counsel should also submit amended proposed findings of fact and conclusions of law. If the Court decides that punitive damages or attorney's fees should be considered at that time, it will allow further hearings on those matters, if necessary prior to their award.

6. Upon the completion of the hearing, counsel for plaintiffs and defendants should be prepared to inform the Court of how and when they intend to proceed with the discovery and consideration of class certification of Count I of Plaintiffs' complaint.

IT IS SO ORDERED.

## MEMORANDUM ON JURISDICTION

This matter originally came on for hearing on plaintiff Sheila Mead's Motion For Temporary and Preliminary Relief filed on January 13, 1977, and plaintiff Equal Employment Opportunity Commission's (hereafter EEOC) Petition for Temporary Relief filed on February 1, 1977. Plaintiff Mead's action contains two claims. The first claim is brought by plaintiffs Sheila Mead and Terry Oakley, individually, and on behalf of all others similarly situated as a private class action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Equal Employment Opportunity Act of 1972, 86 Stat. 103 (hereinafter Title VII). Plaintiffs' first claim charges United States Fidelity and Guaranty Company (hereinafter USF&G)

with sex discrimination in violation of § 703 of Title VII, 42 U.S.C. § 2000e–2. Plaintiffs' second claim alleges that defendant USF&G unlawfully terminated Ms. Mead's employment in retaliation for her action of filing sex discrimination charges against the company with the EEOC and the Minnesota Department of Human Rights in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e–3(a). The petition for temporary relief relates to the alleged retaliatory discharge and requests preliminary relief reinstating Ms. Mead to her prior position with the company, with back pay, and prohibiting any other acts of retaliatory discrimination by the company against either Ms. Mead or other employees, pursuant to §§ 706(f)(1), (2) and (3) of Title VII, 42 U.S.C. §§ 2000e–5(f)(1), (2) and (3).

Hearings were held on the petition for temporary relief on January 14, 24, 25, 26, 27, February 7, 8, 9, 10, 11, 23, 25 and May 12, 1977. During the hearing on May 12, 1977, the Court decided and announced to the parties that the hearing on plaintiff Mead's petition for temporary relief on her Section 704(a) claim should be converted into a trial on the merits of that same claim. This decision was explained to the parties in the Court's Memorandum and Order dated June 8, 1977.

In the meantime, pursuant to the agreement of the parties, defendant USF&G had been permitted to refrain from filing its answer to the complaints until the close of the proceedings on the Section 704(a) petition for temporary relief. On June 1, 1977, at the request of defendant USF&G, pursuant to stipulation by the parties, this Court granted USF&G six more days in which to answer plaintiff Mead's amended complaint. On June 7, 1977, the defendants presented this Court with a Motion for Extension of Time in which to answer. By order dated June 8, 1977, this Court directed defendants to answer Count II of plaintiff Mead's amended complaint by June 10, 1977. Count II is the Section 704(a) retaliatory discharge claim.

On Friday, June 10, 1977, the Joint and Separate Answer of Defendants United States Fidelity and Guaranty Company, Merz, Gould, Rowe and Aitken to Claim Two of Plaintiffs' Amended Complaint was duly filed with the Clerk. Paragraph 12 specifically alleges

that plaintiff Mead has failed to exhaust her administrative remedies with respect to Claim Two of plaintiffs' Complaint the retaliatory discharge claim in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Accordingly, since plaintiff Mead has failed to exhaust her administrative remedies with respect to Claim Two of her Complaint and since plaintiff Mead has not been issued a right to sue letter, on her EEOC charge based upon § 704(a) of Title VII, plaintiff Mead is not properly before the Court and the jurisdiction of this Court is not properly invoked pursuant to Claim Two of plaintiffs' Complaint.

At the time the Answer to Count II was received, the final proceedings on the merits of Ms. Mead's Section 704(a) retaliatory discharge claim were scheduled for June 20, 1977. During the week of June 13, 1977, in response to the contentions of paragraph 12 of the Answer, although not out of agreement with those contentions, this Court decided to continue the final hearings on the merits of the retaliatory discharge claim. The parties were notified of this decision by the Court's Law Clerk.

The purpose of this Memorandum is to explain what has transpired so far and what, in this Court's judgment, was the basis for its initial jurisdiction over Ms. Mead's petition for temporary relief and what is its present basis for jurisdiction over the trial on the merits of the Section 704(a) retaliatory discharge claim.

### Jurisdiction over the Hearings on the Petition for Temporary Relief

With respect to the hearings on the petition for temporary relief, the initial issue was whether or not plaintiff Mead or plaintiff EEOC respectively had jurisdiction to seek temporary relief under § 706(f)(1) or (2), 42 U.S.C. § 2000e-5(f)(1) or (2). The defendants contended that plaintiff Mead lacked jurisdiction under § 2000e-5(f)(1) because she had failed to exhaust her administrative remedies prior to bringing suit. The defendants recognized that Ms. Mead did file a sex discrimination charge with the EEOC on May 5, 1976, which was amended in July of 1976, and that a Right To Sue letter was issued on those charges on January 10, 1977. However, the defendants contended that since the retaliatory discharge was not filed with the Commission until January 10, 1977, 180 days had not elapsed since the filing of that charge prior to the hearing as required by § 706(f)(1), and therefore Ms. Mead could not file for preliminary relief under that subsection of the Act. The defendants argued that Ms. Mead had failed to exhaust her administrative remedies as a condition precedent to this action and that she therefore could not properly appear before this Court until the lapse of 180 days. The legal basis for the defendants' contention that there was no subject matter jurisdiction for the EEOC's presence under § 706(f)(2) was not altogether clear.

This Court allowed the hearings to proceed on the petition for temporary relief because it was of the judgment that plaintiff Mead had jurisdiction to bring this action under 42 U.S.C. § 2000e-5(f)(1) and that plaintiff EEOC had jurisdiction to bring this action under 42 U.S.C. § 2000e-5(f)(2) and (1) for the following reasons.

Section 42 U.S.C. § 2000e-5(f)(2) states:

Whenever a charge is filed with the Commission, and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this act, the Commission . . . may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge . . .

The Commission carried out such a preliminary investigation and made such a conclusion prior to filing this action. Therefore, there was jurisdiction to hear the Commis-

sion's claim for preliminary relief with respect to the retaliatory discharge of Sheila Mead.

There was also jurisdiction to hear the claims of both plaintiff Mead, on her own behalf, and the EEOC under 42 U.S.C. § 2000e–5(f)(1). In order to obtain court relief under Section (f)(1), a party must show that he or she has filed a charge with the EEOC. Plaintiff Mead had met this requirement both by her filing of the original charge with the EEOC on May 5, 1976, and by her subsequent filing of the retaliatory discharge claim on January 13, 1977. The question which arose, however, with respect to the petition for temporary relief was whether or not plaintiff Mead could sue under this section on her retaliatory discharge claim, when 180 days had not elapsed since the filing of her complaint with the EEOC, or when she had not received a Right To Sue letter from the EEOC on her retaliatory discharge claim.

■■■ This Court determined that the 180 days deferral on the petition for temporary relief was not necessary since the retaliatory discharge claim is part of the underlying sex discrimination claim filed on May 5, 1976, on which a Right To Sue letter has been issued. The retaliatory discharge action claim is not an independent action, but one that arises out of the original sex discrimination charge. This legal conclusion is acknowledged by an EEOC regulation which allows the time for the filing of subsequent charges and amendments to relate back to the time of filing of the original actions with which they are integrally related. 29 C.F.R. §§ 1601.11(b) (1975). *See, Bauman v. Union Oil Co.* 400 F.Supp. 1021, 1025–26 (N.D.Cal.1973). Thus § 706(f)(1) grants jurisdiction to the Commission on the retaliatory discharge complaint, because that complaint was deemed filed as of May 5, 1976, since it alleges retaliation against Sheila Mead for allegedly opposing unlawful employment practices of USF&G, on which she filed a claim, on May 5, 1976. For the same reason under the circumstances of this case, § 706(f)(1) granted jurisdiction to this Court to consider whether it should grant temporary relief to plaintiff Mead's application that USF&G, its officers, agents, and employees be enjoined from participating in and taking any retaliatory measures in violation of Section § 704(a) against Sheila Mead and any other of its employees for opposing practices made unlawful under Title VII or for filing charges, testifying, assisting or participating in an investigation under Title VII.[1]

A further basis for jurisdiction over the petition for temporary relief was explained in both *Murry v. American Standard, Inc.,* 488 F.2d 529 (5 Cir. 1973), and *Culpepper v. Reynolds Metal Company,* 421 F.2d 888 (5 Cir. 1970), where the Fifth Circuit considered § 706(g) as it applies to preliminary injunction actions brought on by private plaintiffs. That Court of Appeals has concluded that a private individual may claim a statutory basis for obtaining a preliminary injunction in a Title VII suit under that section:

---

1. *See also, Drew v. Liberty Mutual Insurance Co.,* 480 F.2d 69 (5th Cir. 1973), *cert. denied,* 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239. Even when plaintiffs have not had their Right To Sue letters, the courts have permitted parties to seek temporary relief. *See, Berg v. Richmond Unified School District,* 528 F.2d 1208 (9th Cir. 1975), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 806, 50 L.Ed.2d 788 (1977); *Hyland v. Kenner Products Co.,* (S.D.Ohio, 1974); *Hochstadt v. Worcester Foundation,* 425 F.Supp. 318, 11 FEP Cases 1426, 1428–29 (D.Mass., 1976), *aff'd,* 13 FEP Cases 804 (Cal. 1976).

Assuming for the sake of argument that plaintiff Mead had not exhausted her administrative remedies and did not have a Right To Sue letter, this Court could still grant preliminary relief. It is well established that a federal court has the power to grant injunctive relief pending an administrative agency's disposition of a pending matter when the federal court is directed by statute to make the final decision in the case. *FTC v. Dean Foods Co.,* 384 U.S. 597, 603, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). Accordingly, this Court had jurisdiction to consider the issue of injunctive relief pending the exhaustion of EEOC administrative time lapses on the retaliation charges. Ashton, "The Availability of Preliminary Injunctive Relief to Private Plaintiffs Pending Equal Employment Opportunity Commission Action Under Title VII Of The Civil Rights Act of 1964," 8 LOY.U.L.J. 51 (1976).

The language in § 2000e–5(g) "if the Court finds" does not mean *only* that if the Court finds upon a *full hearing* on the merits. It can also mean *if the Court finds* upon a hearing on the issue of a temporary injunction, the Court may temporarily enjoin the employer and grant temporary affirmative relief.

For all of the foregoing reasons this Court determined that it had jurisdiction to consider the petition for temporary relief on plaintiff Mead's retaliatory discharge claim.

### Jurisdiction Over the Hearings on the Merits of Ms. Mead's Retaliatory Section 704(a) Claim

At the outset, this Court wishes to note that nearly a month had passed and an order had been issued requiring the defendants to answer Count II of the Complaint before the defendants lodged their objection to this Court's jurisdiction over the trial on the merits of Ms. Mead's Section 704(a) retaliatory discharge claim. Nevertheless, the trial was continued in order to permit the passage of 180 days since January 13, 1977, when plaintiff Mead filed her Section 704(a) retaliatory discharge claim with the EEOC.

■ This Court is in agreement with the theory, explained above, that the retaliatory discharge action is not an independent action, but one that arises out of the original sex discrimination charge. Therefore, for the purposes of the trial on the merits, as well as the petition for temporary relief, the time of the filing of the retaliatory discharge would relate back to May 5, 1976, the time of the filing of the original § 703 sex discrimination charge, upon which a Right To Sue letter was issued on January 10, 1977.

In order to allow the defendants every opportunity to prepare their defense on the merits, and because the law is not clearly settled with respect to the meaning of the 180 day waiting period as it applies to private parties' retaliatory discharge actions, this Court has permitted the continuance of the hearing on the merits. However, this Court points out that the United States Supreme Court has recently decided that a 180 day wait is sufficient. In *Occidental Life Insurance Company of California v. EEOC*, 432 U.S. 355, 361, 365, 97 S.Ct. 2447, 2454, 53 L.Ed.2d 402 (1977), the Court stated,

The legislative history of § 706(f)(1) thus demonstrates that the provision was intended to mean exactly what it seems to say: that an aggrieved person unwilling to await the conclusion of extended EEOC proceedings may institute a private lawsuit 180 days after a charge has been filed. The subsection imposes no limitation upon the power of the EEOC to file suit in a federal court. 432 U.S. at 366, 97 S.Ct. 2454.

### Scheduling

The parties were able to agree among themselves about the schedule prior to trial. Witness lists were exchanged on June 27, 1977 and the defendants gave notice that they intend to depose the EEOC investigator Michael Bloyer on July 25, 1977. By a prior order, defendants Answer to the balance of plaintiff Mead's Amended Complaint is due on July 7, 1977. Responses to the Motion to Intervene and the Motion to Limit Intervention are due by July 11, 1977. The parties should try to bring any other motions to the attention of the Court by July 18, 1977. The trial on the merits of the Section 704(a) retaliatory discharge claim of Ms. Mead is set for September 5, 1977, to be held according to the guidelines of this Court's Order of June 8, 1977. Pretrial briefs are due on July 25, 1977.