**Louis FIX, Plaintiff,**

v.

**SWINERTON AND WALBERG COMPANY, Defendant.**

**Civ. A. No. C–2266.**

United States District Court, D. Colorado.

Nov. 13, 1970.

Quiat and Quiat, P. C., Gerald M. Quiat, Denver, Colo., for plaintiff.

Dawson, Nagel, Sherman & Howard, William F. Schoeberlein, Edward Lee Dale, Denver, Colo., for defendant.

## ORDER

CHILSON, District Judge.

This is an action for damages pursuant to 42 U.S.C. § 2000e–5(f) for alleged employment discrimination.

From the pleadings, it appears that plaintiff filed a charge against the defendant with the Colorado Civil Rights Commission (State Commission) on June 25, 1968. Three days later, on June 28, 1968, he filed a similar charge with the Equal Employment Opportunity Commission (Federal Commission) pursuant to Section 2000e–5(b), which provides for a lapse of sixty days between the filing with the State Commission and the filing with the Federal Commission, unless the proceedings before the State Commission have been earlier terminated.

On August 6, 1968, the State Commission notified the Federal Commission that the case had been terminated by the State Office. Thereafter, on August 12, 1968, the Federal Commission assumed jurisdiction and assigned the matter for investigation. The investigation was concluded on August 29, 1968. On April 14, 1970, the plaintiff received notice that he could, within thirty days, institute a civil action in the appropriate Federal District Court. This action was instituted May 13, 1970.

The defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted and contends that the plaintiff's premature filing with the Federal Commission bars this action.

The Court finds there has been substantial compliance with the procedural requirements. Although the plaintiff filed his complaint with the Federal Commission prematurely, the Federal Commission did not proceed to act until after the State Commission had notified the Federal Commission of the termination of its investigation.

Substantial compliance with the procedural requirement is sufficient, and the motion to dismiss should be denied.

The defendant has also moved to strike from the complaint, the allegations relating to discrimination because of religion, and the national origins of plaintiff's parents. The basis of this motion is that the plaintiff's complaint to the Federal Commission was limited to discrimination because of his national origin and included no charge of religious discrimination.

The purposes of the act cannot be served if the plaintiff alleges a ground of discrimination for the first time in the Federal District Court. The obvious purpose of the act is to give the Federal Commission an opportunity to investigate the charges of discrimination and if discrimination exists, to eliminate it if possible. The Federal Commission is in no position to discharge its duties, if the grounds of the alleged discrimination are not disclosed to the State and Federal Commissions. For this reason, the defendant's motion to strike from the complaint, the charge of discrimination because of plaintiff's religion should be granted. The allegation of discrimination because of the "national origins of his parents" is sufficiently associated with the charge of discrimination because of plaintiff's national origin. The motion to strike "national origins of his parents" should be denied.

It is therefore ordered that the motion to dismiss the complaint is hereby denied; the defendant's motion to strike is granted to the extent that the words

"religion and" be and the same are stricken from paragraph 5 of the complaint; otherwise, the motion to strike is denied.

It is further ordered that the defendant answer the complaint within fifteen days from this date.