Carolyn J. LATINO, Plaintiff,

v.

RAINBO BAKERS, INC., Defendant.

Civ. A. C-4489.

United States District Court,

D. Colorado.

April 9, 1973.

Hodges, Kerwin, Otten & Weeks, by Arthur E. Otten, Jr., and Richard W. Breithaupt, Denver, Colo., for defendant.

Gellenthien & Cooter, by Carl W. Gellenthien, Pueblo, Colo., for plaintiff.

## OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the court on defendant's motion to dismiss the action or to strike an exhibit attached to the complaint. The complaint here alleges that defendant, plaintiff's former employer, has violated Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. (1970), by discriminating against plaintiff on the basis of her sex. The motion to dismiss is grounded upon the fact that the prior complaints which she filed with the Equal Employment Opportunity Commission (EEOC) and the Colorado Civil Rights Commission asserted only that defendant discriminated against her because of her national origin. Defendant maintains that the discrepancy between the various charges is fatal to the present action. The argument is that the provisions of 42 U.S.C. § 2000e-5 prevent plaintiff from alleging in her district court complaint a basis for discrimination different from the basis alleged in her complaint before the appropriate state and federal administrative agencies.

### I

In support of its argument, defendant cites Fix v. Swinerton, 320 F.Supp. 58 (D.Colo.1971). There the plaintiff, having properly filed complaints before the EEOC and the Colorado Civil Rights Commission, brought an action in this court charging employment discrimination. The complaint filed with the court asserted that the grounds for discrimination were plaintiff's religion and national origin, but the complaint and investigation before the administrative agencies had been limited to discrimination because of plaintiff's national origin. Judge Chilson thus granted a motion to strike the claim of discrimination on the basis of religion, holding that this ground could not be asserted for the first time in the district court.

The difference between this case and *Fix* is that, in *Fix*, the charge of religious discrimination had never been presented to the EEOC, and the Commission had not considered or passed upon the issue. Here, although plaintiff did not initially charge sexual discrimination, the EEOC investigation disclosed what the Commission regarded as grounds for believing that Rainbo had discriminated against plaintiff because of her sex. The Commission also explicitly found that Rainbo had violated Title VII of the Act by "maintaining sex segregated job classifications." The importance of this distinction becomes clearer when the purposes of requiring that a complaint first be filed with the EEOC are examined.

42 U.S.C. § 2000e-5 establishes a rather elaborate procedure to be followed by a person who feels that he has been the victim of an unlawful employment practice. He must first file a charge with the EEOC, a step which initiates an investigation by the Commission. If the EEOC determines that the charge is true, it must initially attempt to resolve the problem by conciliation or persuasion. 42 U.S.C. § 2000e-5(a). If, however, as is the case here, the state has established an authority to grant relief from the practice complained of, the EEOC cannot act until the expiration of a certain period after a proceeding has been commenced by the state authority. 42 U.S.C. § 2000e-5(b). Only after any state remedies have been pursued and after EEOC conciliation efforts have failed may a complaint be filed in the district court. 42 U.S.C. § 2000e-5(e). The purpose of this procedure is twofold. First, it notifies the charged party of the violation. Second, and more important, it permits the EEOC to consider all the charges and to resolve them through conciliation and voluntary compliance. Butler v. Locals 4 and 269, AFL-CIO, 308 F.Supp. 528, 531 (N.D.

Ill.1969). *See also* Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (D.Me.1970); King v. Ga. Power Co., 295 F.Supp. 943 (N.D.Ga. 1968).

■■ Here, we think that the purposes of section 2000e-5 would not be frustrated if we entertain plaintiff's claim based upon sexual discrimination. Even though the prior complaints charged only discrimination based upon national origin, the EEOC investigation disclosed possible sexual discrimination, and the EEOC so found. Its subsequent efforts at conciliation were presumably directed toward resolving this sexual discrimination problem, and the purpose of permitting the EEOC to secure voluntary compliance through conciliation would thus not be frustrated by our entertaining this action. The action also does not frustrate the other purpose of the EEOC procedure—to notify the charged party of the alleged violation. At the very latest, Rainbo must have learned of the sexual discrimination charge when it was notified of the EEOC decision. True, it would not, at that point, have had an opportunity to present evidence affecting the decision itself, but this is not the real purpose of the notice required by section 2000e-5. Rainbo did know what the charge was during the conciliation efforts, and this is the most critical point for purposes of the section 2000e-5 procedures. In other words, defendant knew what it was allegedly doing wrong and could have voluntarily corrected it before the EEOC notified plaintiff of her right to sue in court. If Rainbo did not know earlier that the charge was sexual discrimination, it has suffered no prejudice, because it still has the chance to present its side of the story in court.

■ Of course, part of defendant's argument is that the failure to charge sexual discrimination in the original complaint mean that the state civil rights authority never passed upon this ground. It appears, rather, that the state commission considered only the claim of discrimination because of national origin. The EEOC then investigated the same claim and rejected it. Instead, the Commission's investigation disclosed a ground not already passed upon by the state authority. The issue is thus whether the EEOC must re-refer the case to a state authority whenever its investigation discloses a ground not already passed upon by the state authority. We think it need not. Although the legislative history is not entirely clear, 42 U.S.C. § 2000e-5(b), which provides that employment discrimination complaints should first be filed with the state authority, if any, was apparently designed to permit state agencies to pass upon complaints before a federal investigation is even undertaken. It recognizes the state remedy, if one exists, as the primary one. The state remedy was pursued here, and the state authority rejected the original charge. The EEOC then took jurisdiction and found that the facts disclosed another form of discrimination. Since the Commission had properly assumed jurisdiction and commenced its own investigation, we find nothing in the language of section 2000e-5(b) which requires the EEOC to surrender jurisdiction to the state agency. Such a re-submission at this point would involve a pointless duplication of effort by the two levels of government.

## II

■ Defendant has also moved to strike Exhibit A from the complaint. It argues that the exhibit, which is a copy of the EEOC's decision in plaintiff's case, contains hearsay and is irrelevant and prejudicial to defendant. Some courts have adopted this position and stricken similar exhibits, King v. Ga. Power Co., 295 F.Supp. 943 (N.D.Ga. 1968), and similar allegations concerning EEOC findings in the complaint itself. Moss v. Lane Co., 50 F.R.D. 122 (W.D.Va.1970). The reasoning of these decisions appears to be that court proceedings under section 2000e-5 are trials *de novo* and the EEOC findings are thus irrelevant to them. King v. Ga. Power Co., *supra*, 295 F.Supp. at 948.

The difficulty here is that the exhibit does contain some relevant material. It demonstrates that plaintiff pursued all her state and federal administrative remedies within the applicable time periods. The complaint itself might have alleged this fact, but it does not. Striking the entire exhibit now would simply mean that plaintiff would have to file still another amended complaint. Consequently, we decline to strike the exhibit at this point. If, at trial, it appears that portions of the exhibit are inadmissible in evidence, they may be excluded at that time. Accordingly, it is

Ordered that defendant's motions to dismiss the complaint and to strike Exhibit A be, and the same hereby are, denied.