Robert L. GORDON, Plaintiff,

v.

BAKER PROTECTIVE SERVICES, INC., d/b/a Wells Fargo Security Guard, Inc., Defendant.

No. 72 C 1967.

United States District Court, N. D. Illinois.

May 18, 1973.

Marion W. Garnett of Rogers, Garnett, Harth, Vital & Stroger, Chicago, Ill., for plaintiff.

J. Robert Geiman and John W. McCullough, Peterson, Ross, Rall, Barber & Seidel, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. This is an action to redress alleged deprivation of the plaintiff's civil rights to equal employment opportunities pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court is alleged to have jurisdiction over the instant action pursuant to Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) and 28 U.S.C. § 1331(a), and § 1343(3).

The plaintiff is a citizen of the United States, a resident of Chicago, Illinois, and employed by the defendant Baker Protective Service, Inc., d/b/a Wells Fargo Security Guard, Inc. ("Wells Fargo"). Wells Fargo is an employer within the jurisdiction and meaning of § 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

The plaintiff, in his Second Amended Complaint, alleges the following facts, *inter alia*:

1. That beginning in December of 1969, plaintiff was denied the right of promotion, in spite of his seniority; that on or about September 22, 1970, plaintiff was subjected to demotion after his continuous complaints concerning the discriminatory denial of promotion; and in February, 1971, the plaintiff was involuntarily transferred to a lower position by the party defendants, all due to his race and color.

2. This continuous pattern of discrimination still continues to effect the plaintiff and constitutes a denial of his right to equal job opportunities and use of his seniority and abilities.

3. Since December, 1969, and until the present date, the plaintiff has continuously been subjected to harassment, condemnation and illegal suspensions due to his race and color by the party defendants.

4. That on June 7, 1971 charges were filed by the plaintiff with the Equal Employment Opportunity Commission (EEOC) regarding the alleged discriminatory conduct of September 22, 1970 describing it as continuous.

5. On May 16, 1972, the EEOC issued to plaintiff a "Notice of Right to Sue" letter, a copy of which was attached to the original Complaint.

The plaintiff seeks relief pursuant to the provisions of 42 U.S.C. § 2000e–5(g).

The defendant Wells Fargo in support of its motion to dismiss contends:

1. The plaintiff's Complaint alleges three specific acts of purported discrimination occurring in December 1969, on September 22, 1970, and in February, 1971.

2. Plaintiff does not allege that he invoked the appropriate administrative remedy within the required time period following any of the purported acts of discrimination.

3. Invoking the appropriate administrative remedy following an alleged act of discrimination is a jurisdictional prerequisite to the maintenance of a civil rights action under 42 U.S.C. § 2000e–5(f).

4. The plaintiff's failure to invoke such remedy deprives this Court of jurisdiction under Title VII of the 1964 Civil Rights Act with respect to each of the alleged discriminatory acts, which are the only specific acts of discrimination alleged by the plaintiff.

The plaintiff, in opposition to the instant motion, contends that since the discrimination was continuing his complaint was filed with the EEOC within the requisite period of time.

Magistrate Balog in his Report and Recommendation to this Court stated that the alleged violation was not continuing and thus the complaint should be dismissed based on the plaintiff's failure to file his claim within the requisite period time.

It is the opinion of this Court that the recommendation of the Magistrate is sound.

## THE ALLEGED VIOLATION IS NOT CONTINUOUS AND THE PLAINTIFF HAS FAILED TO PROPERLY FILE HIS CLAIMS WITH THE EEOC

It is well settled that the statutory period of time for filing a complaint with the EEOC pursuant to 42 U.S.C. § 2000e–5(e) is a jurisdictional prerequisite to any subsequent action. The statutory period for filing constitutes, in effect, a limitation by Congress on the right to proceed before the EEOC or in a subsequent suit in a district court. Moore v. Sunbeam Corp., 459 F. 2d 811 (7th Cir. 1972); Malone v. North American Rockwell Corp., 457 F. 2d 779 (9th Cir. 1972); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th

Cir. 1970). If an alleged violation is deemed to be "continuing" the statutory period is of little practical effect. Bartmess v. Drewrys U. S. A., Inc., 444 F.2d 1186 (7th Cir. 1971), cert. denied, 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 253. Consequently, it is necessary for this Court to determine whether the plaintiff's complaint filed June 7, 1971 with the EEOC alleged discrimination which involved a violation of a continuing nature rather than an isolated transaction.

The plaintiff, in his charge of discrimination, filed with the EEOC on June 7, 1971, alleged that he was demoted on September 22, 1970 because of his race. This charge was referred to the Illinois Fair Employment Practices Commission on August 10, 1971. No allegation of a continuing violation and no other specific act of harassment, or condemnation was alleged in the charge filed with the EEOC. On May 16, 1972 the EEOC mailed to plaintiff a "Notice of Right to Sue Within 90 Days" letter. This section was commenced on August 9, 1972.

■ It is clear that the plaintiff's claim was not filed with the EEOC within the statutory period of 210 days.* The alleged violation filed with the EEOC was not alleged to be nor could it be a continuing violation. Rather it was a complete isolated transaction occurring on September 22, 1970. Further, the additional allegations of the second amended complaint that the plaintiff was denied a promotion in December of 1969 and was transferred to a lower salary in February of 1971 have not been made the subject of a specific charge to the EEOC. The Court is therefore without jurisdiction to consider those allegations. Moore v. Sunbeam Corp., *supra*.

The plaintiff's claims fail to satisfy the jurisdictional prerequisite of proper filing of a charge with the EEOC and therefore this Court is without jurisdiction to consider them. Choate v. Caterpillar Tractor Company, 402 F.2d 357 (7th Cir. 1968).

Accordingly, it is hereby ordered that the defendant's motion to dismiss the complaint is granted.

---

* The statutory time limitation for filing a charge with the EEOC in effect during 1971 was Section 706(d) of the Civil Rights Act of 1964 which provides:

(d) A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred, except that in the case of an unlawful employment practice with respect to which the person aggrieved has followed the procedure set out in subsection (b) of this section, such charge shall be filed by the person aggrieved within two hundred and ten days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

This section was amended by Public Law 92–261 § 4, on March 24, 1972, to read as follows:

(e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

It is clear the applicable statutory period is 210 days which the plaintiff clearly failed to meet.