**EQUAL EMPLOYMENT OPPORTUN-
ITY COMMISSION, Plaintiff,**

**v.**

**The NEW YORK TIMES BROADCAST-
ING SERVICE, INC., doing business
as WREC–TV, Defendant.**

**No. C–73–282.**

United States District Court,
W. D. Tennessee, W. D.

Sept. 13, 1973.

Joseph Ray Terry, Atlanta, Ga., for plaintiff.

Richard A. Brackhahn, Bowling, Brackhahn & Jackson, Memphis, Tenn.. John J. Stanton, Jr., Gen. Atty., New York City, for defendant.

## ORDER ON MOTION TO DISMISS

WELLFORD, District Judge.

Equal Employment Opportunity Commission has instituted an action against defendant pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended by Public Law #92–261 (March 24, 1972). Defendant is engaged in the television broadcasting business in Memphis. The suit is based on an allegation that "charges were filed with the Commission alleging that New York Times Boradcasting Service, Inc. had engaged in unlawful employment practices under Title VII." The complaint charges unlawful policies and practices both with respect to sex discrimination but also with respect to racial discrimination,[1] and seeks broad re-

---

1. The language used with respect to the latter charge is as follows: (c) Failing and refusing to recruit and hire blacks on an equal basis with whites and otherwise discriminating against blacks with respect to terms, conditions, and privileges of employment because of their race. (d) Maintaining departments and job classifications which are segregated on the basis of race or color and otherwise limiting, segregating and classify-

lief in both categories. Defendant filed a motion to dismiss the racial charges and allegations, asserting that only one charge or complaint was filed with the Commission and that by a white female who was not employed as a journalist. At the hearing the Commission admitted that only Camilla J. Wilson, a female Caucasian, had indeed filed a charge, which was dated January 11, 1972,[2] and was later in 1972 served on defendant.

After investigation of this charge, EEOC notified Miss Wilson and the defendant on January 18, 1973, that "reasonable cause exists to believe that respondent [defendant] has discriminated and is discriminating against charging party [Wilson] and females as a class because of their sex."[3] Also in this determination notice issued, EEOC's District Director advised:

"Like and related to the allegations of the charge is the fact that Respondent's work force is 75% Caucasian, although the community is 40% Black. Title VII permits the use of statistical probability to infer the existence of a pattern or practice of discrimination . . ."

The Court considers that the motion to dismiss should be treated as a motion for summary judgment since there are no contested issues of fact with respect to the circumstances of the racial discrimination charges. No black person has ever filed any charge of racial discrimination against this defendant television station, and the investigation made on the single sex discrimination charge revealed an alleged disparity between the percentage of blacks employed as compared to the percentage of blacks in the community.

1970 census figures reveal that there were 33% of non-Caucasian persons over 21 years of age in Shelby County, Tennessee.[4] EEOC concedes that defendant's work force was 25% non-Caucasian at the time of investigation. The percentage, of course, may or may not be considerably less as to the proportion of blacks or non-Caucasians who are trained, capable, and qualified to hold positions with defendant television station in Memphis. U. S. v. I.B.E.W., 428 F.2d 144 (6th Cir. 1970) was cited by plaintiff as authority for the conclusion as to reasonable cause on the disparity. That case, however, dealt with one-third of 1% negro workers in the Cleveland, Ohio area where the percentage of negroes 21 years or older to the whole population in 1970 was 14%. (Again, according to the 1970 census data). This would appear to be no authority to sustain the Commission's arbitrary assumption in the instant case based on the figures involved.

It is true that a single charge of racial discrimination may suffice to justify the Commission "to launch a full-scale inquiry into the alleged unlawful motivation in employment practices," as contended by EEOC, but the case cited,

---

ing employees in a way which deprives and tends to deprive blacks of employment opportunities and otherwise affects their status because of their race or color. (e) Failing and refusing to take appropriate affirmative action to eliminate its discriminatory employment policies and practices and to correct the effects of past discrimination against blacks and females.

2. The charge filed with EEOC stated: "The above named company refused to consider me for employment as a journalist from the second week in December until the present. The news director, Russ Hodge told me he did not want a second female journalist."

3. This was based on findings essentially that a male was hired instead of Wilson and be-

cause defendant "has never employed, concurrently, more than one female reporter."

4. There were, according to 1970 census figures, 145,178 non-Caucasians 21 years and older in Shelby County, which includes the entire City of Memphis; 439,551 non-Caucasians, 21 years of age or older, Memphis figures in this category were 123,280 and 364,286 respectively. The percentages of non-Caucasians to the total population of Shelby County and Memphis, respectively, were 38.9% and 36.9%. We are at a loss to understand the basis of the Equal Employment Opportunity Commission's 40% figure.

Parham v. Southwestern Bell Tel. Co., 433 F.2d 421, 425 (8th Cir. 1970) involved (1) a charge of racial discrimination by a black employee and (2) a black ratio of workers of less than 2% of the total work force in Little Rock, Arkansas, in 1966, compared with 17% in 1968. That Court held, p. 426, that "statistics which revealed an *extraordinarily* small number of black employees . . . established a violation of Title VII," but this was so only prior to 1967.[5] (Emphasis ours.) The instant case, to the contrary, has no individual charge of racial discrimination and there is certainly no *extraordinary small* proportion of black employees. Based on these distinguishing facts and the absence of any apparent unlawful motivation on defendant's part, we would be disposed to grant defendant's motion on this basis alone.

We give further consideration, however, to plaintiff's contention since there could be cases where a charge of discrimination in one area might support an EEOC related complaint in another area under appropriate circumstances. A complaint "may properly encompass any such discrimination like or reasonably related to the allegations of the charge." King v. Georgia Power Co., 295 F.Supp. 943, 947 (N.D.Ga.1968). That Court went on to define this rule as limiting "the civil action to that range of issues that would have been the subject matter of the conciliation efforts between EEOC and the employer . . . [and] the EEOC is not free to manipulate the scope of a case beyond the bounds herein expressed . . . limited to the issues that a particular complainant has standing to raise." This was a case based upon charges by individual blacks and the court permitted a class action for the benefit of other blacks on related issues of racial, not sex, bias. In Tipler v. DuPont, 443 F.2d 125 (6th Cir. 1971), this rule was approved, the court concluding, "the fact that a judicial complaint alleges a more detailed and refined contention than that contained in the charge of discrimination does not mean that the former was not included in the latter." Again, however, the court was dealing with a charge of racial discrimination filed by a negro who charged that he was punished for asserting his rights and that his employment was terminated without justification. It was held that these charges were sufficient to support a more general complaint of racially discriminatory discharge. See also, again as to racial discrimination, Blue Bell Boots, Inc. v. EEOC, 418 F.2d 355 (6th Cir. 1969), holding that "the Commission may, in the public interest, provide relief which goes beyond the limited interests of the charging parties." 418 F.2d 358. Here again, there were eight negro females charging racially motivated discharges and these were sufficient for EEOC to consider other racially discriminatory employment practices and to seek broader relief. EEOC's complaint as to sex discrimination in this proceeding seeks relief which goes beyond the interest and charges of Wilson, the charging party.

Plaintiff cites Latino v. Rainbo Bakers, Inc., 358 F.Supp. 869 (D.Colo. 1973) in support of its contention that it investigated racial discrimination as well as sex discrimination after receiving Wilson's complaint, and should now be permitted to sue in both broad areas of alleged discrimination. As previously indicated, we seriously doubt that plaintiff's investigation of alleged racial bias in the instant case indicated any such discrimination based solely on the statistical analysis and breakdown referred to in its "determination" letter. *Latino* involved a charge of national origin discrimination, and after a finding of no

---

5. The court noted that in 1960, Little Rock had a 22% black population. It is interesting that the statistical disparity in 1967 was 22% to 6%, but violation was held to exist only prior to that time, and the court did not order any injunctive relief under the circumstances.

reasonable cause on this ground, investigation revealed a basis not previously considered by the state agency involved. While this case may be distinguishable on several grounds, to the extent it permits a complaint to assert sex discrimination when a charge has been made only on national origin discrimination, we respectfully disagree. See Fix v. Swinerton, 320 F.Supp. 58 (D.Colo. 1970). Nor do we interpret Sanchez v. Standard Brands, 431 F.2d 455 (5th Cir. 1970) as holding to the contrary to *Fix*. In *Sanchez*, the charging party, a female, in her amended charge claimed discrimination both by reason of sex and by reason of national origin. "The commission investigation triggered by the Sanchez charge apparently led the Commission to conclude that reasonable cause did not exist to believe that Standard Brands had been guilty of discrimination because of sex, but that reasonable cause did exist to believe that Standard Brands has been guilty of discrimination because of national origin." 431 F.2d 459. The court merely concluded under the circumstances, with one dissent, that after the Commission investigated in both areas wherein a charge had been made that "the allegations [of a subsequent complaint] included therein [which] constituted mere clarification and amplification of the original charge," and should not be dismissed. In *Sanchez*, it was indicated, moreover, that the Court and the EEOC considered alleged discrimination to cover four distinct and separate categories —(1) race or color, (2) religious creed, (3) national origin, and (4) sex. A particular charge by its nature, or by reason of indefiniteness, could involve, because of reasonable relationship, more than one category or area. This is not the situation here—Wilson's charge is clear, concise and unambigious; it applies *only* to alleged sex discrimination. If she, rather than EEOC were bringing this suit, this white female could scarcely be held to be a proper representative

of black employees generally. We hold that EEOC is bound to base a complaint under Title VII on an actual charge that is like and reasonably related to what is alleged in court against any employer or other defendant. Not only is racial discrimination a separate and distinct category from sex discrimination,[6] but EEOC's investigation on its face has apparently failed to show racial discrimination as even generally charged by any WREC-TV employee, past, present or prospective (or by any member of the Commission.)

For the reasons stated, defendant's motion to dismiss racial discrimination allegations is sustained. Costs attendant to this aspect are assessed against plaintiff. The Court, under the circumstances, has been tempted also to assess defendant's attorney fees against the plaintiff, but has deferred any such action pending a hearing on the merits as to the remaining aspects of this cause.

---

6. It is, for example, conceivable that a black, Jewish, or other "minority group" employer might be guilty of sex discrimination but not of racial discrimination, or vice versa.