**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**CONTINENTAL OIL COMPANY, Defendant.**

Civ. A. No. 74-M-776.

United States District Court, D. Colorado.

April 24, 1975.

Gerald R. Lopez, Asst. Regional Atty., and Gloria J. Monroe, Trial Atty., E.E. O.C., Denver Regional Litigation Center, Denver, Colo., for plaintiff.

Carl F. Eiberger and Russell P. Rowe of Rovira, DeMuth & Eiberger, Denver, Colo., for defendant.

### MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The sufficiency of the complaint to state a claim for relief within the jurisdiction of this Court has been challenged by the defendant's motion to dismiss. This is a civil action initiated by the Equal Employment Opportunity Commission (hereinafter .EEOC) pursuant to 42 U.S.C. § 2000e et seq. It is alleged

that more than thirty days before institution of this action charges were filed with the EEOC alleging that the defendant had engaged in unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended. It is also alleged that after investigating and finding reasonable cause to believe that defendant had engaged in unlawful employment practices the EEOC has been unable, through informal methods of conference, conciliation and persuasion, to secure a conciliation agreement acceptable to the EEOC.

The EEOC contends that since July 2, 1965 and continuously until the time of the complaint, Continental Oil Company intentionally engaged in unlawful employment practices at a facility located in Commerce City, Colorado, including discrimination by failing to hire and recruit blacks and Spanish-surnamed Americans because of their race and national origin. It further is alleged that there has been discrimination by maintaining educational requirements and using tests which discriminate against blacks and Spanish-surnamed Americans and by utilizing subjective personnel selection criteria which screen out blacks and Spanish-surnamed Americans because of their race and national origin.

In its complaint the EEOC claims that such policies and practices have deprived blacks and Spanish-surnamed Americans of equal employment opportunity and otherwise adversely affected their status as employees because of their race and national origin. The relief requested is to grant a permanent injunction preventing the defendant from engaging in any employment practice which discriminates because of race and national origin and to order the defendant to institute and carry out affirmative action programs as well as to provide appropriate back pay and other affirmative relief necessary to eradicate the effects of the alleged unlawful employment practices.

## TIMELINESS OF THIS ACTION

█ Continental claims that this civil action must be dismissed because it does not allege specifically that suit was filed within 180 days from the filing of a charge of discrimination with the Commission. That question has now been considered by many judges in many courts. My distinguished colleague on this court, Judge Hatfield Chilson, construed the statute to impose such a time limitation in Equal Employment Opportunity Commission v. Wilson and Company, Inc., 387 F.Supp. 1224 (D.Colo.1975). The analysis of the language of the statute made by Judge Chilson in that case is clear and cogent. It is not, however, convincing to me. I am persuaded by the opinions in Equal Employment Opportunity Commission v. Cleveland Mills, 502 F.2d 153 (4th Cir. 1974); Equal Employment Opportunity Commission v. Louisville & Nashville Railroad Co., 505 F.2d 610 (5th Cir. 1974) and Equal Employment Opportunity Commission v. Kimberly-Clark Corporation, 511 F.2d 1352 (6th Cir. 1975). While it must be conceded that the language used in this legislation is less than communicative, I share the conclusion in these cases that there was no Congressional intent to limit the time within which the Commission could sue. Although there is no need to repeat the analysis of those cases here, an additional point, not articulated in the previously decided cases, deserves some attention. It is to be noted that before March 1972, the Attorney General was the only governmental agency authorized to initiate any court action under the 1964 Civil Rights Act and the Attorney General's authority was limited to bringing pattern and practice suits. During that time, the EEOC was limited to its role of attempting to achieve conciliation. The 1972 amendment gave the EEOC concurrent authority to sue in the pattern or practice cases. 42 U.S.C. § 2000e–6.[1] The EEOC also was given power under § 2000e–5 to institute suits

---

1. On March 24, 1974, the EEOC acquired exclusive power to sue in pattern or practice cases. 42 U.S.C. § 2000e–6(c).

based on "unlawful employment practices" affecting individuals and not constituting a pattern or practice of discrimination. Further, whenever a charge is filed with the Commission, it initiates an investigation and ultimately, after following the procedures outlined in the statute, determines whether it will file suit on either of those bases. An investigation resulting from a charge of an individual act of discrimination can result in a "pattern or practice" suit if the EEOC investigation shows reasonable cause for that action.[2] 42 U.S.C. § 2000e–6, authorizing pattern or practice suits, contains no language of limitation. To contend that there is a time limitation on the Commission in a pattern or practice suit it is necessary to say that because there is language in § 2000e–6(e) that all such actions by the Commission shall be conducted in accordance with the procedures in § 2000e–5, it was intended that there be a time limitation.

It would seem more consistent with the Civil Rights Act as a whole to conclude that there are essentially only two types of civil action authorized.[3] The first is the individual's suit to redress a particular act of discrimination. The second is the public suit against a pattern or practice of discrimination. The 180 day time limit in § 2000e–5 is for the protection of the individual. After he has made his charge the Commission has the 180 days within which to seek conciliation. If those efforts fail and the individual wishes to go forward, he may demand the right to sue letter. His civil action can then be commenced within the 90 day period. On the other hand, the Commission can continue its investigation and conciliation and can ultimately determine whether to file a "pattern or practice" action. Such an action can include a remedy which will redress the individual grievance. The purpose of the time limitation then is to provide the individual with a choice between the alternatives of going to court on his claim or permitting the Commission to determine whether it wishes to seek relief for him and others in a "pattern or practice" action.

■ The arguments against this conclusion include assumptions of unfairness from having to litigate on stale facts, potential harassment of employers and contravention of a policy of prompt resolution of such claims. These arguments are presumptive and inappropriate to the threshold question of dismissal for failure to state a claim upon which relief can be granted. The remedies to be applied by a court in an action of this type are equitable remedies and the equitable defenses of laches, estoppel, duress, waiver and fraud are available in such actions. It is difficult to foresee how an undue delay in initiating an action would be prejudicial or inequitable if it did not fall within one of these traditional defenses. Under F.R.C.P. 8(c) it is the burden of the defendant to plead and prove such matters of avoidance or affirmative defense.

■ Likewise, the question of the bar of any statute of limitations is also a matter which should be considered as an affirmative defense and not in this motion to dismiss.

### COMPLIANCE WITH CONDITIONS PRECEDENT

■■ The defendant also seeks dismissal of the complaint upon the contention that there is a failure to allege compliance with all conditions precedent to this suit. The first difficulty with this position is that it is not at all clear

---

2. While the challenged complaint contains no explicit reference to § 2000e–6, it is apparent from the allegations made that a pattern or practice action is contemplated here.

3. It should also be observed that the EEOC is empowered to sue for the redress of an individual's claim, independently of any pattern or practice of discrimination. While such actions are apparently rare, it was that type of complaint which was the subject of Judge Chilson's decision in Equal Employment Opportunity Commission v. Wilson and Company, Inc., *supra*.

what, if any, conditions precedent there are to this type of suit. The complaint alleges that there were charges filed, an investigation made, at least one reasonable cause finding and a failure to achieve a conciliation agreement satisfactory to the EEOC. The defendant has cited Equal Employment Opportunity Commission v. Western Electric, 364 F.Supp. 188 (D.Md.1973), for the proposition that all of these and notice are jurisdictional conditions precedent which must be alleged specifically under Rule 8. In addition defendant asserts there are a number of other conditions precedent which also are jurisdictional. I am unable to agree. Jurisdiction has been alleged in this case by the above allegations and by the reference to the appropriate statutory basis for jurisdiction. Equal Employment Opportunity Commission v. Mobil Oil Corp., 362 F. Supp. 786 (W.D.Mo.1973). If the defendant seriously contends that there are any conditions precedent which have not been performed or which have not occurred, it should deny the performance or occurrence of such conditions specifically and with particularity in accordance with F.R.C.P. 9(c). But the plaintiff, who has made the specific allegations described above, should not be compelled to admit the existence of any such conditions by making the general conclusory pleading authorized by that rule.

## SCOPE OF THE INVESTIGATION

The defendant contends that the lack of allegations in the complaint concerning the nature of the initial charges with the EEOC and the reasonable cause finding of the EEOC must result in a dismissal because the court is unable to determine the scope of this litigation.

■ It is clear from Sanchez v. Standard Brands, 431 F.2d 455 (5th Cir. 1970) that the scope of the action is not limited by the charge or charges of discrimination. Under the recent cases, the proper scope of a case is determined by the Commission's finding of reasonable cause. Latino v. Rainbo Bakers, 358 F.Supp. 870 (D.Colo.1973); Equal Employment Opportunity Commission v. Raymond Metal Products, 385 F.Supp. 907 (D.Md.1974). But it is not necessary to decide the scope of this action in determining these threshold motions. By the allegations in the complaint the plaintiff apparently intends to establish a pattern or practice of discrimination beyond any specific charge or charges. The defendant has been made aware of the nature of plaintiff's claim and this complaint is therefore sufficient to meet the requirements of F.R.C.P. 8(a)(2).

## MISCELLANEOUS

The defendant's contention that the complaint must be dismissed because the EEOC is not the proper party is without merit.

■ The defendant also seeks to strike the request for money damages because this remedy is inconsistent with the equitable relief requested. Further, the defendant moves to dismiss or strike all requests for injunctive and other equitable relief because there is a failure to allege both the inadequacy of the remedy at law and the irreparable nature of the injury. It is sufficient to observe that the 1964 Civil Rights Act provides for remedies of this type and that the type of remedy to be applied cannot be determined until the evidence has been presented. These points are not properly raised by these motions.

Finally, the defendant seeks to strike all references to prior acts of discrimination as being immaterial and impertinent. The words "immaterial" and "impertinent" are better applied to this motion than to the complaint.

## MORE DEFINITE STATEMENT

■ As an alternative to dismissal, the defendant asks that the court order a more definite statement to enable it

to prepare a responsive pleading. While it is common practice to deny such motions on the conclusion that the discovery rules are adequate for the development of issues, there is merit in requiring the plaintiff here to amplify the allegations of this complaint. Having determined that affirmative defenses are the proper procedure to raise the kinds of issues argued in the memoranda supporting the defendant's motions, it is reasonable to require the plaintiff to set forth enough facts for the defendant to determine whether there is a good faith belief that any such defenses are applicable to this action. Additionally, the statute expressly directs the court to cause these cases to be expedited in every way. That purpose can best be served by supplementing the allegations of fact to determine what legal issues may be presented in this case. Such facts should include the names of persons filing the charges of discrimination alleged in the complaint, together with the dates of filing of such charges. The period of time during which the investigation was held should also be included. Another allegation of importance is whether the Colorado Civil Rights Commission made any investigation and if so the extent to which the EEOC used or relied upon that investigation. Finally, the plaintiff should be required to state for what period of time and for how many employees or other persons back pay is claimed.

Upon the foregoing, it is

ORDERED that all motions to dismiss and to strike contained in the pleading filed by the defendant herein on October 9, 1974 are denied; that the motion for more definite statement is granted to the extent of the information described in the foregoing and the plaintiff shall make such a more definite statement by the filing of an amended complaint within thirty (30) days.

Done at Denver, Colorado, this 24th day of April, 1975.