**Harold HANSBORO, Jr., Plaintiff,**

v.

**NORTHWOOD NURSING HOME, INC., Defendant.**

**No. S92–490M.**

United States District Court, N.D. Indiana, South Bend Division.

May 28, 1993.

Wilson T. Turner, Indianapolis, IN, for plaintiff.

Kathleen K. Brickley, South Bend, IN, Michael R. Flaherty, Fort Smith, AK, for defendant.

*MEMORANDUM AND ORDER*

MILLER, District Judge.

■ This cause comes before the court on plaintiff Harold Hansboro's motion to amend his complaint, and the motion for summary judgment filed by defendant Northwood Nursing Home ("Northwood").[1] For the reasons that follow, the court finds that the plaintiff's motion to amend his complaint must be denied, and the defendant's motion for summary judgment must be granted.

### I.

Mr. Hansboro is an African–American male who was employed by Northwood for several months in 1991.[2] After his termination, Mr. Hansboro filed a charge of discrimination with the EEOC alleging that Northwood had discriminated against him on the basis of his sex. In a narrative "Complaint" that he filed with the EEOC, Mr. Hansboro indicated that this is a case of "SEX discrimination", and that Northwood "discriminated against a hard working man because of his sex." Mr. Hansboro's EEOC charge and accompanying documents contain no mention whatsoever of race discrimination. After receiving his right-to-sue letter, Mr. Hansboro filed this suit alleging that he was discriminated against on the basis of his race.

Northwood notified Mr. Hansboro several times that he had failed to exhaust his administrative remedies. Northwood's answer, filed December 16, 1992, claimed that Mr. Hansboro had failed to exhaust his administrative remedies. On March 1, the parties filed a joint status report, signed by all counsel, which provided in paragraph one: "Plaintiff alleges that he was discharged from his position as a nurses' aide at Northwood Nursing Home on account of his race (black).... Plaintiff alleged in his charge to the EEOC that he was terminated on account of his sex (male)." The joint status report also provided that summary judgment may be appropriate with respect to the issue of Mr. Hansboro's failure to exhaust his administrative remedies.

At the telephonic pretrial conference held on March 10, the issue of the plaintiff's failure to exhaust his administrative remedies was discussed. Northwood's counsel indicated to the court that Northwood intended to file a motion to dismiss because of Mr. Hansboro's failure to exhaust his administrative remedies. Northwood represents that it indicated at the telephonic conference that its dismissal motion would be based upon the fact that Mr. Hansboro's complaint alleges race discrimination while his EEOC charge alleged sex discrimination. Following discussion and by the parties' agreement, the court afforded the parties until March 24 to amend their pleadings. Neither party moved to amend their pleadings. On April 26, Northwood filed this summary judgment motion, contending that Mr. Hansboro failed to exhaust his administrative remedies. On May 6, Mr. Hansboro moved to amend his complaint to allege sex discrimination.

#### A. Mr. Hansboro's Motion to Amend the Pleadings

■ Mr. Hansboro seeks to amend his complaint to allege sex discrimination instead of race discrimination. The reported reason for the error in the original complaint was that "[a] clerk for Plaintiff's counsel accidently typed this Complaint based upon racial discrimination", confusing the instant case with another case, *Harold Hansboro, Jr. v. WSBT, Inc.*, Cause No. S92–396, also before

---

1. Northwood describes its motion as one to dismiss under Rule 12(b)(6) or, alternatively, for summary judgment. Northwood filed an answer to Mr. Hansboro's complaint on December 16, 1992. Because a motion to dismiss pursuant to Rule 12(b)(6) technically must be filed prior to any responsive pleading, such as an answer, *see Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990), the court treats Northwood's motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. Mr. Hansboro's proposed amended complaint indicates that he was hired on February 13, 1991; his original complaint stated that he was hired on August 20, 1991. Both his original and amended complaints indicate that he was terminated on November 4, 1991; in his charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), Mr. Hansboro indicated that he was terminated on March 26, 1991. Fortunately, for purposes of the instant motions, his dates of hire and termination are irrelevant.

this court. Northwood responds that Mr. Hansboro's motion to amend the pleadings was untimely, and that Mr. Hansboro has not provided good cause for this untimeliness.

The court's March 10 scheduling order provides:

*Modification of order; continuances.* Continuances or extensions of time with respect to the deadlines for amendments . . . will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. *See* Fed.R.Civ.P. 16(b); Civil Justice Plan § 2.03(g). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause.

Mr. Hansboro was warned several times that he had not exhausted his administrative remedies for a race discrimination claim. In the joint status report and at the telephonic status conference, Mr. Hansboro was informed that his EEOC charge and his complaint alleged different types of discrimination. At the March 10 status conference, Mr. Hansboro agreed that March 24 would be an acceptable deadline within which the pleadings could be amended. Yet, Mr. Hansboro filed his motion to amend the pleading a month and a half after the deadline to which he agreed, and then only after Northwood had moved for summary judgment based upon his failure to exhaust his administrative remedies. Mr. Hansboro has provided no explanation for his failure to file his motion to amend prior to the March 24 deadline, or for his failure to move for an extension of time. Without any explanation for his failures, the court cannot find that Mr. Hansboro has established good cause for not complying with, or modifying, the court's order. *See, e.g., Holstein v. Brill,* 987 F.2d 1268, 1271 (7th Cir.1993) ("A litigant's inattention [or] error . . . is not good cause by any standard.").

Accordingly, Mr. Hansboro's motion to amend the pleadings must be denied.

### B. *Northwood's Motion for Summary Judgment*

Northwood seeks summary judgment based upon Mr. Hansboro's failure to ex-

haust his administrative remedies; Mr. Hansboro has failed to respond.

A party seeking summary judgment must demonstrate that no genuine issue of fact exists for trial and that the movant is entitled to judgment as a matter of law. If that showing is made and the motion's opponent would bear the burden at trial on the matter that forms the basis of the motion, the opponent must come forth with evidence to show what facts are in actual dispute. A genuine factual issue exists only when there is sufficient evidence for a jury to return a verdict for the motion's opponent. Summary judgment should be granted if no reasonable jury could return a verdict for the motion's opponent.

The parties cannot rest on mere allegations in the pleadings, or upon conclusory allegations in affidavits. The court must construe the facts as favorably to the non-moving party as the record will permit, and draw any permissible inferences from the materials before it in favor of the non-moving party, as long as the inferences are reasonable. The non-moving party must show that the disputed fact is material, or outcome-determinative, under applicable law.

*Conery v. Bath Associates,* 803 F.Supp. 1388, 1392–93 (N.D.Ind.1992) (citations omitted).

Exhaustion of administrative remedies is a prerequisite for bringing an action under Title VII charging discrimination. *Pack v. Marsh,* 986 F.2d 1155, 1157 (7th Cir.1993). If the plaintiff has not exhausted his administrative remedies, the federal courts lack subject matter jurisdiction over the claims. 986 F.2d at 1157. In general, a Title VII plaintiff cannot bring claims in a lawsuit that were not brought in his EEOC charge. *Taylor v. Western–Southern Life Ins. Co.,* 966 F.2d 1188, 1194 (7th Cir.1992). The purpose of this requirement is to give the EEOC "an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." 966 F.2d at 1195 (quoting *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 863 (7th Cir.1985)). That purpose would be frustrated if the filing of a general charge with the EEOC would open the possi-

bility of subsequent judicial actions to any related conduct that took place in connection with the employment relationship. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992).

■ In a Title VII suit, the scope of the complaint properly encompasses any discrimination that is like, or reasonably related to, the allegations in the EEOC charge and growing out of such allegations. *O'Rourke v. Continental Casualty Co.,* 983 F.2d 94, 97 (7th Cir.1993); *Taylor v. Western–Southern Life Ins. Co.,* 966 F.2d at 1194; *Jenkins v. Blue Cross Mutual Hospital Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). This is a liberal standard, designed to realize the remedial goals of Title VII, and the court must be mindful that "technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Rush v. McDonald's Corp.,* 966 F.2d at 1111 (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

■ The allegations in Mr. Hansboro's complaint are not reasonably related to the allegations in his EEOC charge. Mr. Hansboro filed a charge of discrimination with the EEOC alleging that Northwood had discriminated against him on the basis of his sex; he filed the instant action alleging that he was discriminated against on the basis of his race. Numerous courts have dismissed complaints or granted summary judgment where the complaint alleged a different type of discrimination from the EEOC charge. *See, e.g., Clements v. H. Goodman & Sons,* 25 FEP Cases 511, 1981 WL 161 (D.Ga.1981) (black employee who alleged only racial discrimination in charge filed with EEOC may not sue employer under Title VII for alleged sex discrimination); *Jiron v. Sperry Rand Corp.,* 423 F.Supp. 155, 159–60 (D.Utah 1975) (EEOC charge of sex discrimination will not support claims of race discrimination); *EEOC v. New York Times Broadcasting Service, Inc.,* 364 F.Supp. 651 (W.D.Tenn.1973) (allegation of sex discrimination is separate and distinct category from race discrimination).

■ Even if Mr. Hansboro checked the wrong box on the EEOC form, he still could survive Northwood's motion if, from the factual allegations in the EEOC charge, the EEOC would have been put on notice of the racial discrimination alleged in his complaint. *See Jenkins v. Blue Cross Mutual Hospital Ins.,* 538 F.2d 164. In the EEOC charge, however, Mr. Hansboro stated, "I feel that I have been discriminated against due to my sex (male)." Throughout his EEOC charge, and the document that he attached to the charge, Mr. Hansboro compares the treatment he received to treatment received by female employees. There is no allegation of race discrimination whatsoever in the EEOC charge or the document that he attached to the charge.

The allegations in Mr. Hansboro's complaint are not reasonably related to the allegations in his EEOC charge. Accordingly, the defendant's motion for summary judgment must be granted.

### II.

Northwood includes in its motion for summary judgment a request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Such a motion should be made separately. The court will afford Northwood fifteen days from the date of this order to file such a motion, with accompanying documentation.

### III.

In conclusion, the court:

(1) DENIES the plaintiff's motion to amend the pleadings;

(2) GRANTS the defendant's motion for summary judgment; and

(3) AFFORDS defendant Northwood fifteen (15) days from the date of this order to file a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

SO ORDERED.